Michael A Younge (SBN 170929)
LAW OFFICE OF MICHAEL A YOUNGE
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
Telephone (714) 299-7406
Facsimile (714) 276-1443
Email: youngelaw@aol.com

Attorney for Plaintiff
Lebohang Morake

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lebohang Morake, | ) Case No.: _____ |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR:** |
| vs. | ) **(1) MISLEADING** |
| | ) **REPRESENTATION IN** |
| Learnmore Mwanyenyeka, | ) **VIOLATION OF LANHAM ACT 15** |
| | ) **USC 1125** |
| Defendant. | ) **(2) DEFAMATION PER SE** |
| | ) **(3) TRADE LIBEL** |
| | ) **(4) TORTIOUS INTERFERENCE** |
| | ) **WITH PROSPECTIVE ECONOMIC** |
| | ) **ADVANTAGE** |
| | ) |
| | ) **(DEMAND FOR JURY TRIAL)** |
| | ) |

1

Plaintiff Lebohang Morake ("Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for (i) False Designation of Origin and Unfair Competition under the Lanham Act 15 U.S.C. § 1125(A); (ii) Defamation Per Se; (iii) Injurious Falsehood; (iv) Tortious Interference with Prospective Economic Advantage.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b). Jury has been demanded.

3. The Court has personal jurisdiction over Defendant because Defendant has purposely availed himself of the opportunity to conduct commercial activities in this Judicial District and by commission of the infringing and other tortious conduct underlying Plaintiff's claims, directed into this Judicial District.

4. Venue in this action properly lies in the Central District of California, under 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claims and damages asserted herein occurred in this District. Furthermore, Defendants are conducting business in this Judicial District and Los Angeles County and are subject to the Court's personal jurisdiction with respect to this civil action.

## PARTIES

5. Plaintiff, Lebohang Morake, p/k/a "Lebo M" is a Grammy Award-winning composer, producer, and performer. Creator and original performer of

"Nants'ingonyama bagithi Baba" which means "All hail the king, we all bow in the presence of the king" from Disney's The Lion King (1994), reprised in The Lion King (2019). Plaintiff is the Credited composer/performer on both soundtracks and is a dual citizen of the United States and South African residing and conducting substantial business in Los Angeles, California. His entertainment career—including the Lebo M Live residency and international touring—is managed from Los Angeles, California. Over 30 years of work placing authentic African musical expression on the global stage. Professional reputation, commercial relationships, and brand value are concentrated in the Los Angeles entertainment ecosystem.

6.  Defendant Learnmore Mwanyenyeka, who is also known by his stage name of, Learnmore Jonasi, is a comedian and content creator, Zimbabwean-born , and resides in Pittsburgh, Pennsylvania. Defendant most recently availed himself to the State of California with a performance at The Comedy Store – Belly Room, March 12, 2026, and received a standing ovation for his "Nants' ingonyama" rant, which is a false and misleading translation intended to boost personal profits at the expense of Lebo M. He is also known as "The Village Boy" and has won the 2019 National Arts Merit Awards as the Outstanding Comedian of the Year and the 2019 Savanna Comic Choice Awards as the Pan African Comic of the Year.

Verified on Instagram as (@learnmore_jonasi). He performs live comedy across the US. Appeared on the One54 Africa podcast in a clip that went viral, making false statements of fact about the meaning of the "Nants'ingonyama" composition, which is the basis for this lawsuit.

7.  Defendant is subject to the jurisdiction of this Court by virtue of his substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

<b>ALLEGATIONS FOR ALL CLAIMS FOR RELIEF BY PLAINTIFF'S</b>

<b>"Nants'ingonyama"</b>

8.  In 1994, Lebo M composed, produced, and performed the opening chant of Disney's The Lion King. The chant is a Praise Imbongi—royal praise poetry—written in isiZulu and isiXhosa. It is distinct from the English "Circle of Life" (Elton John/Tim Rice) and stands independently as an African vocal proclamation grounded in South African tradition. The 2019 Lion King soundtrack liner notes published the first formal contextual translation:

| Zulu/Xhosa Text | Official 2019 Translation |
| --- | --- |
| Nants' ingonyama bagithi Baba | All hail the king |
| Sithi huu ngonyama | Praise chant |

| Hay! baba, sizongqoba | Through you we will emerge victoriously |
|---|---|
| Ngonyama, ngonyama, ngonyama | We all bow in the presence of the king |

### Key linguistic point:

9.  While "ingonyama" can literally translate to "lion" in Zulu, in Praise Imbongi and royal metaphor, "Ngonyama or Ingonyama" signifies Kingship, Ancestral Authority, and Sovereign Presence. The lion is the metaphorical vehicle; the meaning is royalty. Jonasi's reduction to "Look, there's a lion. Oh my god" is not a simplified translation—it is a fabricated, trivializing distortion, meant as a sick joke for unlawful self-profit and destruction of the imaginative and artistic work of Lebo M. The true meaning of Nants' ingonyama bagithi Baba is "All hail the king, we all bow in the presence of the king." In The Lion King, they all bowed down to Mufasa, to include his antagonistic brother, Scar.

### The Viral Incident

10.  Jonasi appeared on the One54 Africa podcast (clip ~8:47, published on YouTube, went viral). In the clip, Jonasi:

   a.  Stated "Nants'ingonyama bagithi Baba" means "Look, there's a lion. Oh my god."

5

b. When challenged ("You're joking. That is not what that means."), doubled down: "That's exactly what it means."

c. Presented this as authoritative fact, not comedy—conversational podcast, not standup special.

d. Mocked the chant's cultural significance with exaggerated imitations

e. Stated Disney "made billions off that"—implying the composition is trivial content exploited for profit.

11. During the podcast Defendant referenced Zulu as the language being sung and positioned himself as knowledgeable about the Zulu language during the exchange, which he used to lend false credibility to his mistranslation. This framing is not incidental — it is the mechanism by which the statement was received as authoritative fact rather than pure comedy, because listeners had no immediate reason to doubt a confident, on-camera correction about "that's Zulu, that's South African," followed by an asserted translation. Defendant's main intent was to establish authentication, which was patently false and cause damage to Lebo M's product.

12. The podcast segment was presented in a conversational, informational format — not a stand-up set, not a clearly marked comedy special. Defendant did not frame this as a joke in delivery. Defendant presented it as factual knowledge with

misguided authenticity to increase exposure and mockery of Lebo M's creative masterpiece. Defendant has been appearing at various comedy clubs in Los Angeles and throughout the United States where his marketing has been focused on this mischaracterization.

13.  The comment sections from Instagram and Youtube's evidence from the viral clip, demonstrate actual public confusion and reliance. Multiple viewers stated they believed the translation was correct, with some describing it as having "ruined their childhood" — meaning they genuinely accepted the false meaning as fact. This evidence is directly relevant to actual damages, malice, and punitive damages according to proof.

### The Direct Message Exchange (Instagram)

14.  Following the viral spread, Lebo M contacted Jonasi directly via Instagram DM. The exchange is documented via screenshots in the client's PDF compilation:

15.  **Lebo M (initial):** *Identified himself as composer/producer/performer of the original 1994 chant. Stated Jonasi's comments crossed a line by insulting African culture and spreading colonialistic propaganda. Provided the correct translation and royal metaphorical context, referencing the 2019 liner notes.*

16.  **Jonasi (response 1):** *"It's actually unfortunate that you see it this way. But I still love your work though. Look at it like this, jokes are meant to open the window to start a conversation." Claimed Zulu ancestry.*

17.  **Lebo M (follow-up):** *Disagreed. Stated comments were not part of standup and sought to "erase over 30 years of work." As the composer, he provided the correct translation and suspected Jonasi was "choosing to ignore this critical point."*

18.  **Jonasi (response 2 — KEY):** *"My brother you are looking at this all wrong."* Then: *"Unfortunately I'm not gonna stop talking about everything and everyone including myself."*

19.  **Jonasi (final):** *"You gonna hate this video then. Been doing this joke for 8 years."*

20.  **Lebo M (final):** *"I will not engage any further. Best of luck to you. I will consult internally. Kindly refrain from engaging me any further."*

### Evidentiary Significance:

21.  This exchange establishes: (1) Jonasi received direct notice from the actual composer that his translation was incorrect; (2) the documented correct translation was provided; (3) Jonasi refused to correct or retract; (4) Jonasi affirmatively stated he would continue; (5) Jonasi admitted 8 years of this material, showing a

pattern of willful misrepresentation. This is the foundation for actual malice (NYT v. Sullivan) and punitive damages (Cal. Civ. Code § 3294).

## FIRST CLAIM FOR RELIEF

### (Misleading Representation Under Lanham Act: 15 USC 1125(a))

22. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant's malicious depiction of "Nants'ingonyama bagithi Baba" states "Look, there's a lion. Oh my god " has created a false narrative for the highly talented work of Plaintiff and the numerous accolades received worldwide for "Nants'ingonyama bagithi Baba". This is an intentional act by the Defendant to destroy Plaintiff's creative content by spitting on his work with continuous mockery and disdain.

24. Defendant's false characterization of the composition's interpretation of "Nants'ingonyama bagithi Baba" in commercial media creates a misleading description of Lebo M's commercially significant work, diminishing its value and market positioning. This is not fair use, this is riding on the coattail of Lebo M, diluting his innovative and inspired work for self-indulged profits.

25. Defendant's false and misleading statement of fact about plaintiff's work in commerce, mischaracterizing the true meaning of "Nants'ingonyama" is not a play

on words, but a direct mission to devalue Plaintiff's composition and boost Defendant's profits. This is theft by mockery and Learnmore will learn more to respect originality and earn less by disgorgement.

26. Defendant's statements were made in interstate commerce on YouTube/podcast which garnered more than one million likes and has created a lucrative income for the Defendant at the expense of Plaintiff.

27. Defendant's mischaracterization of the true meaning of "Nants'ingonyama bagithi Baba" is causing confusion and misrepresentation of Plaintiff's work which has been a stalwart the Disney collection for more than 32 years and plaintiff has been damaged. This is not free speech, because the statements by Defendant are false, vicious and intended to cause significant harm to the legacy of Lebo M. Lebo M has continued to work with Disney over the last two years on Mufasa and has legitimate concerns whether Disney will call on his services again, due to Learnmore's mischaracterization.

28. As a result of Defendant's acts, Plaintiff will continue to suffer harm, including monetary loss and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

29.  Plaintiff is also entitled to additional relief to include Injunction, disgorgement of defendant's revenue associated with this misrepresentation, actual damages, to include treble damages in exceptional cases and attorney fees (15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Defamation Per Se)

30.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.  Defendant by virtue of his podcasts and videos, made false statement that the chant "Nants'ingonyama bagithi Baba" means "Look, there's a lion. Oh my god" was published to millions, that have damaged plaintiff's professional work, and injuries to his reputation in the professional entertainment media.

32.  Defendant made a false statement of fact that the chant "Nants'ingonyama bagithi Baba" means "Look, there's a lion. Oh my god" when in fact the true meaning is "All hail the king, we all bow in the presence of the king."

33.  Defendant made this false representation through live comedy events, podcasts, YouTube and Instagram medias which were published to millions.

34.  The false statements discredited Plaintiff's work and were intended to cause damage to Plaintiff's reputation and in fact, Plaintiff has suffered damage to his reputation.

35.  Defendant's misrepresentation of "Nants' ingonyama bagithi Baba" trivialized the creative works of the Plaintiff that implied the Plaintiff was marketing gibberish. Defendant who is an African from Zimbabwe is creating false authenticity of his misleading interpretation of "Nants' ingonyama bagithi Baba" and the general public to include viewers from around the world have started to believe him.

36.  Defendant was confronted by Plaintiff with an exchange in conversation of the actual meaning of the chant and defendant acknowledged the falsity of misrepresentation of "Nants' ingonyama bagithi Baba" but continued to air this misrepresentation in a reckless manner.

37.  Defendant's conduct was done with reckless disregard for Plaintiff's reputation because defendant's position is  *"Look at it like this, jokes are meant to open the window to start a conversation."*

38.  This was a joke to the defendant and defendant has used this misrepresentation for his own wealth while in the process, causing damage to Plaintiff's reputation. This satirical joke by the defendant has ridiculed Lebo M and has caused damage

to his Lion king product because this is not exaggeration, this is mocking for profits.

38.  These false statements were made to damage the reputation of Lebo M and Lebo M's African Culture. Lebo M now fears for his life due to Xenophobic comments that have fueled anger towards Lebo M from Zimbabweans and South Africans.

39.  These comments have now placed Lebo M's family and business associates in grave danger by would be assassins which have forced Lebo M to acquire more security.

40.  The reputational damage in South Africa due to Defendant's false mischaracterizations is making it more difficult for Lebo M to conduct business in South Africa.

41. There is no legitimate connection between Learnmore "Look, there's a lion. Oh my god" and "Nants' ingonyama bagithi Baba" except for the fact that Learnmore has directly implied religious confirmation and assertiveness with conviction of his misleading mischaracterization and continued malicious damage to Lebo M.

42.  As a result of Defendant's acts, Plaintiff will continue to suffer harm, including monetary loss and irreparable injury. As a direct and proximate result of

Defendant's unlawful conduct, Plaintiff has been damaged and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Trade Libel)

43.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.  That the defendant made a statement that "Nants' ingonyama bagithi Baba" meant "Look, there's a lion. Oh my god", was clearly understood to have disparaged the quality of  plaintiff's product.

45.  The statement was made on social media to millions to include podcasts, Youtube and Instagram.

46.  Defendant knew that his statement that "Nants' ingonyama bagithi Baba" meant "Look, there's a lion. Oh my god", was false, but continues to use it as joke to boost revenue with reckless disregard of the falsity of the statement that has resulted in damage to Plaintiff's reputation.

47.  Defendant knew or should have recognized that someone else might act in reliance on the statement, causing Plaintiff's financial loss. Lebo M is currently touring in Europe and is being confronted and bombarded by viewers on the validity of Defendant's mischaracterization.

48.  Plaintiff has suffered direct financial harm because someone else acted in reliance on the false statement made by Defendant that "Nants' ingonyama bagithi Baba" meant "Look, there's a lion. Oh my god."

49. Learnmore continues to post a disingenuous apology directed at Lebo M on video only to end this opaque apology, laced with mockery, with an ironic punchline, "It's a Lion, OMG."

50. Learnmore has even advanced his mockery by producing and selling merchandise with his false and derogatory rant, making profits at the expense of Lebo M's creation and legacy, his reputation and security for his family.

51. Learnmore has continued his assault on Lebo M with a video depicting Lebo M as a liar regarding their private conversations. The allegations are patently false and have been purposely done so to injure Lebo M's reputation globally and more poignantly, the African American global community that has added more fuel to the fire, causing damage to Lebo M's credibility that has extended to millions of The Lion King's Franchise for more than 30 years.

52. Lebo M's business activities related to "Nants' inyongama bagithi Baba" that the defendant has caused damage and continues to cause damage are not limited to Disney and includes (1) The Lion King 1994 animation release to MUFASA; (2) The Lion King's Broadway Productions on Broadway, Mexico, Japan, The United

Kingdom, France, Germany; (3) Dubai Symphony of 3 and (4) The HAVASI Arena Tours featuring Lebo M as Special Guest.

53.  Defendant's reckless conduct was a substantial factor in causing Plaintiff's harm and the damages are running deeper and deeper.

54.  As a result of Defendant's acts, Plaintiff will continue to suffer harm, including monetary loss and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Prospective Economic Advantage)

55.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.  Plaintiff for more than 32 years has been in a professional relationship with The Walt Disney Company in the creation of The Lion King and worldwide live performances in at least ten different countries and has been receiving a steady stream of royalties. As stated above, Lebo M has continued to work with Disney over the last two years on Mufasa and has legitimate concerns whether Disney will call on his services again, due to Learnmore's mischaracterization.

57.  The opening of The Lion King is epic based on Plaintiff's creativity of "Nants' inyongama bagithi Baba" which means "All hail the king, we all bow in the presence of the king."

58.  Plaintiff's creation of "Nants' ingonyama bagithi Baba" has built a strong business relationship with Disney and Defendant's joke is impacting Plaintiff's business relationship with Disney and is causing serious damage to Plaintiff's creative work.

59.  Defendant knew of this professional business relationship between Plaintiff and Disney, but his main goal was to advance his jokes for his financial benefit that has caused disruption between Plaintiff and Disney.

60. The insipid jokes by Defendant are causing disruption of plaintiff's business relationships with Disney and is impacting plaintiff's income from royalties. Defendant's comedy is not free speech, because you cannot shout "Fire" in a crowded theater if the statement is false.

61.  Satire is a form of humor that uses irony, exaggeration, ridicule or parody to expose, criticize and mock the flaws, absurdities, or vices of individuals. Learnmore's satire is doing the opposite which is causing harm to Lebo M's relationship with Disney and the general public. Learnmore's selfish acts are false

17

and constitutes a Tortious Interference with Lebo M's Prospective Economic Advantage in his future dealings with Disney and the public.

62.  As a result of Defendant's acts, Plaintiff will continue to suffer harm, including monetary loss and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. That Defendant be adjudged to have violated the Lanham Act causing damage to Plaintiff in violation of federal law;

2. An order instructing Defendant to abandon its false interpretation of "Nants' ingonyama bagithi Baba" via all media;

3. That Defendant be adjudged to have willfully infringed Plaintiff's creative work in violation of federal law;

4. For actual damages which is projected to be greater than $20,000,000 and punitive damages according to proof at trial;

5. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

6. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117;

7. For disgorgement of Defendants' profits estimated at $7,000,000;

8. For injunctive relief;

9. For attorney's fees for wrongful, willful and deliberate action under 17 U.S.C. § 1051, et seq.;

10. For costs of suit incurred herein; and

11. That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from disparaging "Nants' ingonyama bagithi Baba" and from the following activities:

(a) Soliciting and/or providing services infringing on "Nants' ingonyama bagithi Baba" ; and

(b) Publishing or distributing advertisements or articles using "Nants' ingonyama bagithi Baba" ;.

12. For such other and further relief as the Court deems just and proper.

Dated: March 16, 2026

*/s/Michael A Younge*

Michael A Younge, Attorney for Plaintiff