# EXHIBIT G



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

ZACHARY C. HANSEN
DD: (323) 301-4664
zhansen@earlysullivan.com

March 31, 2026

**VIA E-MAIL AND FEDEX**

Michael A. Younge, Esq.
Law Office of Michael A Younge
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
youngelaw@aol.com

> **Re:** _**Lebohang Morake v. Learnmore Mwanyenyeka**_ **(Case No. 2:26-cv-02795)**

Dear Counsel:

Please be advised, we represent Defendant Learnmore Mwanyenyeka a/k/a Learnmore Jonasi ("Mr. Jonasi"). Please direct all future correspondence regarding this matter to our office to my attention. This letter is submitted pursuant to Local Civil Rule 7-3 to request a meet-and-confer prior to April 10, 2026 regarding Mr. Jonasi's anticipated motion to dismiss in its entirety Plaintiff Lebohang Morake's ("Plaintiff") Complaint.

As pleaded, Plaintiff alleges that he composed and performed the opening chant in Disney's _The Lion King_ (1994) and that Mr. Jonasi—a comedian and online content creator— appeared on the One54 Africa podcast and, in a YouTube clip, humorously stated that the chant means, "Look, there's a lion. Oh my god," later reiterating that joke when challenged. Plaintiff further alleges that he contacted Mr. Jonasi via Instagram direct messages, asserted a purportedly "correct" translation, and demanded that Mr. Jonasi cease referencing the chant. Plaintiff now asserts claims for (1) misleading representation under the Lanham Act, (2) defamation per se, (3) trade libel, and (4) intentional interference with prospective economic advantage, and seeks sweeping relief, including injunctive relief, disgorgement allegedly totaling $7,000,000, and damages exceeding $20,000,000.

The Complaint is fundamentally defective. It relies almost entirely on conclusory assertions of intent and wrongdoing (e.g., "malicious," "willful," "reckless"), untethered from any concrete factual allegations connecting any specific statement to the elements of any cause of action or to any non-speculative damages, which alone is fatal. Compounding these defects, the Complaint inconsistently characterizes the challenged remarks as both literal factual assertions and as comedy or satire—an internal contradiction that alone precludes liability and underscores the implausibility of Plaintiff's claims.

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP | 6420 WILSHIRE BOULEVARD | 17TH FLOOR | LOS ANGELES, CALIFORNIA 90048
TEL: (323) 301-4660 | FAX: (323) 301-4676| WWW.EARLYSULLIVAN.COM

CALABASAS | LAS VEGAS | LOS ANGELES | PHOENIX

Michael A. Younge, Esq.
March 31, 2026
Page 2



As an initial and dispositive matter, all claims fail because Mr. Jonasi's statements are constitutionally protected speech. The Supreme Court has made clear that the First Amendment protects "statements that cannot reasonably be interpreted as stating actual facts." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990) (quoting *Hustler Magazine v. Falwell*, 485 U.S. 46, 50 (1988)). Courts have repeatedly emphasized that exaggeration, parody, and non-literal commentary are "an integral part of social discourse." *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 128 (1st Cir. 1997).

Mr. Jonasi's remarks were made in the context of a comedy podcast and were plainly comedic, hyperbolic, and non-literal. No reasonable audience member could interpret them as factual representations. Courts consistently dismiss claims predicated on expressive works and humorous commentary for this reason. See, e.g., *Dickinson v. Ryan Seacrest Enters.*, 2019 U.S. Dist. LEXIS 150174 (C.D. Cal. 2019); *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005); *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148 (9th Cir. 2021). Because the challenged statements are protected opinion and parody, the Complaint must be dismissed with prejudice.

Plaintiff's Lanham Act claim under 15 U.S.C. § 1125(a) independently fails because Plaintiff does not—and cannot—allege that Mr. Jonasi made (i) a false or misleading statement of fact, (ii) in commercial advertising or promotion, (iii) about his own or another's goods or services, (iv) that was likely to influence consumers' purchasing decisions.  Mr. Jonasi is not a commercial competitor of Plaintiff, did not engage in commercial advertising or promotion, and did not make factual representations about any product or service. Courts routinely dismiss Lanham Act claims on these grounds. See *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999); *Alfasigma USA, Inc. v. First Databank, Inc.*, 525 F. Supp. 3d 1088 (N.D. Cal. 2021); *New Show Studios LLC v. Needle*, 2014 U.S. Dist. LEXIS 197422 (C.D. Cal. 2014).

Plaintiff's defamation per se claim fails for multiple independent reasons. Plaintiff does not allege that Mr. Jonasi made any statement about or reference to Plaintiff at all; does not allege falsity; does not plead actual malice; and does not allege damages. Indeed, Plaintiff's own allegations regarding private messages with Mr. Jonasi affirmatively negate malice.  These deficiencies are fatal under both Ninth Circuit and California law which require a factual showing of actual malice to support a defamation per se claim. See *Kar v. Lincoln Auto. Fin. Servs.*, 2024 U.S. Dist. LEXIS 208233; *Ryan S. v. UnitedHealth Grp., Inc.*, 98 F.4th 965 (9th Cir. 2024).

Plaintiff's trade libel claim likewise fails. Plaintiff does not satisfy the "specific reference" requirement; does not allege a false statement of fact; does not allege intent or actual malice;

Michael A. Younge, Esq.
March 31, 2026
Page 3



and does not plead pecuniary loss with particularity. See *Mosafer, Inc. v. Broidy*, 2023 U.S. App. LEXIS 31757; *Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 59 Cal. 4th 277 (2014).

Finally, Plaintiff's claim for intentional interference with prospective economic advantage is wholly speculative. Plaintiff fails to allege that Mr. Jonasi knew of any specific economic relationship, engaged in any independently wrongful conduct, disrupted any identifiable relationship, or caused cognizable economic harm. Such pleading deficiencies require dismissal. See *Bio-Medical Research, Ltd. v. Thane Int'l, Inc.*, 249 Fed. App'x 539 (9th Cir. 2007); *Evig, LLC v. Mister Brightside, LLC*, 2023 U.S. Dist. LEXIS 156038 (D. Nev. 2023).

In short, the Complaint is an impermissible attempt to weaponize intellectual property and tort law to silence protected speech. It is factually unsupported, internally inconsistent, and legally untenable. Mr. Jonasi intends to seek dismissal of all claims with prejudice, and, if necessary, appropriate relief based on Plaintiff's pursuit of meritless claims.

Plaintiff and Plaintiff's counsel should carefully consider their obligations under Federal Rule of Civil Procedure 11. As detailed above, the Complaint asserts extraordinary monetary demands and serious allegations of misconduct untethered to plausible facts or supporting law, while ignoring well-settled First Amendment protections and binding authority squarely foreclosing Plaintiff's theories.

Rule 11 requires that claims be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, and that factual contentions have evidentiary support or are likely to after a reasonable investigation. Fed. R. Civ. P. 11(b). Here, Plaintiff pleads internally contradictory theories, speculative damages untethered to any identified economic relationship, and claims that are facially barred by constitutional protections and controlling precedent. At a minimum, these deficiencies call into serious question whether the Complaint satisfies Rule 11's baseline requirements.

Mr. Jonasi prefers to resolve this matter without unnecessary motion practice. However, absent Plaintiff's prompt withdrawal or meaningful amendment of the Complaint to address these deficiencies, Defendant will proceed with a motion to dismiss and will evaluate all available remedies, including those contemplated by Rule 11.

Please contact me at your earliest convenience to discuss your position and whether Plaintiff intends to withdraw or amend the Complaint in advance of motion practice.

///

Michael A. Younge, Esq.
March 31, 2026
Page 4



Nothing in this correspondence constitutes, or should be construed as, a waiver of any rights, defenses, or arguments, all of which are expressly reserved.

Very truly yours,

Zachary C. Hansen
on behalf of
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP


cc:      Bryan M. Sullivan (via email to bsullivan@earlysullivan.com)

5843037.1