FREUNDLEGAL
Jonathan D. Freund (SBN 157357)
   *jonathan@freundlegal.com*
Craig A. Huber (SBN 159763)
   *craig@freundlegal.com*
9229 Sunset Blvd. #525
West Hollywood, CA 90069
Tel: 310-247-2165
Fax: 310-247-2190

Attorneys for Plaintiff,
LEBOHANG MORAKE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBOHANG MORAKE, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>LEARNMORE MWANYENYEKA, an individual,<br><br>       Defendant. | Case No. 2:26-cv-02795-JLS-AS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) FALSE ASSOCIATION/FALSE ENDORSEMENT UNDER 15 U.S.C. § 1125(a)(1)(A);**<br><br>**(2) FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B);**<br><br>**(DEMAND FOR JURY TRIAL)** |

      Plaintiff LEBOHANG MORAKE ("Plaintiff") hereby  files his First Amended Complaint ("FAC") and alleges as follows:

\ \ \

\ \ \

\ \ \

1

FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1. This is an action under Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a). Plaintiff, professionally known as "Lebo M," is the Grammy Award-winning composer and original performer of the opening vocal of Disney's The Lion King, "Nants' ingonyama bagithi Baba," with which he has been uniquely identified in the marketplace for more than thirty years.

2. Defendant LEARNMORE MWANYENYEKA ("Defendant"), who performs as "Learnmore Jonasi," has built a for-profit enterprise—a branded merchandise line, ticketed live performances, and monetized digital content—by commercially exploiting, in interstate commerce, the composition and persona with which Plaintiff is uniquely identified, in a manner likely to cause consumers to believe that Plaintiff is associated with, sponsors, or endorses that enterprise.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. sections 1331 and 1338(a), because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. section 1125(a). The Court also has diversity jurisdiction under 28 U.S.C. section 1332(a): Plaintiff is a citizen of California, Defendant is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant, who purposefully directed commercial activity into California and this District—including a ticketed performance at The Comedy Store in West Hollywood on or about March 12, 2026—and who advertised, promoted, and sold goods and services into this District.

5. Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff, professionally known as "Lebo M," is an individual and a citizen of California, residing and conducting substantial business in Los Angeles

2

FIRST AMENDED COMPLAINT

County, where his professional reputation, commercial relationships, and brand are centered.

7. Defendant, known professionally as "Learnmore Jonasi," is an individual and a citizen of Pennsylvania, residing in Pittsburgh. He is a comedian and digital-content creator who, for commercial gain, sells live ticketed performances, monetized audio-visual content, and branded merchandise in interstate commerce, including into this District.

## GENERAL ALLEGATIONS

8. In 1994, Plaintiff composed, produced, and performed the opening vocal of The Lion King, "Nants' ingonyama bagithi Baba." Plaintiff reprised the vocal for the 2019 film and the 2024 film Mufasa and is the credited composer and performer on the associated soundtracks.

9. For more than three decades, that signature vocal has functioned as a hallmark of Plaintiff's professional identity, distinctively associated in the marketplace with Plaintiff and his persona, "Lebo M." Plaintiff exploits that association commercially—including through the Lebo M Live residency, international touring, and symphony engagements—and controls and licenses the commercial use of his identity. The association carries substantial, established goodwill.

10. Defendant operates an online storefront marketing an "It's a Lion" line of apparel and goods derived from Plaintiff's composition, and promotes ticketed live performances and monetized digital content built on the same material. Defendant's enterprise trades on the composition and the public association with Plaintiff to attract consumers and drive sales.

11. Plaintiff did not authorize Defendant's commercial exploitation of the association with his signature work. After Defendant's content circulated, Plaintiff notified Defendant that the use was unauthorized; Defendant declined to stop and

FIRST AMENDED COMPLAINT

thereafter expanded the enterprise.

12. Defendant's commercial use of the association between Plaintiff and his signature work is likely to cause, and has caused consumers to be confused as to whether Plaintiff is affiliated with, sponsors, or endorses Defendant's merchandise, performances, and content.

## FIRST CLAIM FOR RELIEF

### False Association / False Endorsement

### (Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A))

13. Plaintiff realleges and incorporates each preceding paragraph.

14. The signature vocal with which Plaintiff is uniquely identified functions as an identifier of Plaintiff and is protectable against false endorsement under Section 43(a)(1)(A).

15. Defendant has used that association in interstate commerce, in connection with the advertising, promotion, and sale of goods and services—merchandise, ticketed performances, and monetized content—in a manner likely to cause confusion, mistake, or deception as to Plaintiff's affiliation or connection with, or sponsorship or endorsement of, Defendant's enterprise.

16. To the extent Defendant uses the association as a designation of source for his own goods and services, his use is subject to ordinary likelihood-of-confusion analysis and is not entitled to First Amendment protection.

17. As a direct and proximate result, Plaintiff has been and will continue to be damaged, and Defendant has been unjustly enriched. Defendant's conduct was knowing and willful, rendering this an exceptional case. Plaintiff is entitled to injunctive relief, Defendant's profits, actual damages, enhanced damages, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

/ / /

/ / /

4

FIRST AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

### False Advertising

### (Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B))

18.   Plaintiff realleges and incorporates each preceding paragraph.

19.   In commercial advertising and promotion of his own goods and services, Defendant made and disseminated false or misleading representations of fact, including the false suggestion that Plaintiff's signature work and persona are associated with, sponsor, or endorse Defendant's goods and services.

20.   Defendant's representations constitute commercial advertising or promotion: they are commercial speech, made to influence consumers to purchase Defendant's goods and services, and disseminated to Defendant's relevant audience of actual and prospective purchasers.

21.   Plaintiff falls within the zone of interests protected by the Lanham Act, and his injuries were proximately caused by Defendant's misrepresentations; the parties need not be competitors. Defendant's misrepresentations are material, were made in interstate commerce, and have caused, and are likely to continue to cause, injury to Plaintiff's commercial reputation and to the value of the association with his signature work.

22.   Plaintiff is entitled to injunctive relief, Defendant's profits, actual damages, enhanced damages, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.   A permanent injunction restraining Defendant, and those acting in concert with him, from using the association between Plaintiff and his signature work to advertise, promote, or sell goods or services in a manner likely to cause confusion as to Plaintiff's sponsorship, association, or endorsement;

2.   Defendant's profits, Plaintiff's actual damages, and enhanced damages

5

FIRST AMENDED COMPLAINT

under 15 U.S.C. § 1117(a);

3.      A determination that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

4.      Prejudgment interest and costs of suit; and

5.      Such other and further relief as the Court deems just and proper.


Dated: June 8, 2026                              FREUND LEGAL

                                          By:    ___/s/ Jonathan D. Freund___
                                                 Jonathan D. Freund,
                                                 Attorneys for Plaintiff
                                                 LEBOHANG MORAKE

6

FIRST AMENDED COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); C.D. Cal. L.R. 38-1.

Dated: June 8, 2026                    FREUND LEGAL

                              By:    ___/s/ Jonathan D. Freund___
                                     Jonathan D. Freund,
                                     Attorneys for Plaintiff
                                     LEBOHANG MORAKE

FIRST AMENDED COMPLAINT