Bryan M. Sullivan, State Bar Number 209743
  *bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Defendant
LEARNMORE MWANYENYEKA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBOHANG MORAKE, an individual,<br><br>             Plaintiff,<br><br>       vs.<br><br>LEARNMORE MWANYENYEKA, an individual,<br><br>             Defendant. | Case No. 2:26-cv-02795-JLS-AS<br><br>**DEFENDANT LEARNMORE MWANYENYEKA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LEBOHANG MORAKE'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:  August 21, 2026<br>Time: 10:30 a.m.<br>Ctrm.: 8A<br><br>[*Declaration of Zachary C. Hansen; and [Proposed] Order filed and served concurrently herewith*]<br><br>District Judge: Hon. Josephine L. Staton<br>Magistrate Judge: Hon. Alka Sagar |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5850506.1

**MOTION TO DISMISS**

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2026 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Learnmore Learnmore Mwanyenyeka aka Learnmore Jonasi ("Jonasi"), by and through his attorneys of record, hereby moves this Court for an order dismissing Plaintiff Lebohang Morake's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Complaint should be dismissed under Rule 12(b)(6) because Plaintiff's Lanham Act claims therein are barred by the First Amendment and fails to plausibly state any claim for relief. As to the First Amendment, Plaintiff fails to assert any facts showing a connection between Jonasi's conduct and Plaintiff's trademark rights even though Jonasi's conduct of marketing a t-shirt about a lion as alleged in the FAC may arise from protected artistic expression. Furthermore, the FAC is a sham pleading because Plaintiff removed key allegations from the original Complaint—such as Jonasi's role as a comedian and the allegedly joking translation that Plaintiff admitted was part of Jonasi's comedy act—to avoid showing that the claims are barred by the First Amendment. The Court should consider the omitted facts rather than allow Plaintiff to improperly use trademark law to suppress free speech.

Even without the First Amendment bar, the FAC is fatally defective because it relies entirely on conclusory allegations, labels, and internal contradictions, which is insufficient to state a claim. Indeed, both of Plaintiff's Lanham Act claims fail because the FAC does not allege any facts showing any of the elements of either Lanham Act claim, including commercial speech, competition, advertising or promotion, a relevant purchasing public, or nonconclusory damages.

This application is based upon the accompanying Memorandum of Points and Authorities, the declarations of Zachary C. Hansen and the Request for Judicial

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Notice, as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Pursuant to Central District of California Local Rule 7-3, on June 11, 2026, counsel for Jonasi sent a letter to Jonathan D. Freund, Esq. and Craig A. Huber, Esq., counsel of record for Plaintiff, outlining the basis for Jonasi's proposed Motion to Dismiss and asked to schedule a conference call to discuss further.  See Declaration of Zachary C. Hansen ("Hansen Decl."), ¶2, Exh. A.  On June 17, 2026, counsel for Jonasi and counsel for Plaintiff conducted a telephonic conference call pursuant to Local Rule 7-3 regarding the instant Motion, however despite good faith efforts, a resolution to avoid Jonasi's filing of this Motion was unable to be reached and thus Jonasi hereby files this Motion.  Hansen Decl., ¶3.

Dated:  June 22, 2026

By:_____

BRYAN M. SULLIVAN
(State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN
(State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Defendant*
*Learnmore Mwanyenyeka*

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5850506.1

**MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 7

I.      INTRODUCTION ..................................................................................... 7

II.     STATEMENT OF ALLEGED FACTS ................................................... 8

III.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM ..................................... 9

        A.    The First Amendment Bars All Of Plaintiff's Claims Because Jonasi's Statements Are Constitutionally Protected Speech .............................. 11

              1.    Plaintiff's First Amended Complaint Is A Sham Pleading Designed To Avoid The Bar Of The First Amendment. ............. 13

        B.    Both Of Plaintiff's Lanham Act Claims Fail Because Plaintiff Has Not Pled Sufficient Facts Showing Plaintiff Has Any Trademark Rights In Any Mark ...................................................................................... 15

        C.    Plaintiff's Claim For Misleading Representation In Violation Of The Lanham Act Fails Because Plaintiff Has Not And Cannot Allege That Jonasi's Statement Was For Commercial Purposes ............................ 16

        D.    Plaintiff's Claim For Misleading Representation In Violation Of The Lanham Act Fails Because Plaintiff Has Not And Cannot Allege That Jonasi's Statement Was For Commercial Purposes ............................ 19

IV.     CONCLUSION ....................................................................................... 22

CERTIFICATE OF COMPLIANCE ......................................................................... 23

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

5850506.1

**MOTION AND MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abdul-Jabbar v. GMC,*
85 F.3d 407, 410 (9th Cir. 1996) ........................................................................18

*AMF Inc. v. Sleekcraft Boats,*
599 F.2d 341 (9th Cir. 1979) ..............................................................................18

*Armored Grp., LLC v. Lutzker,*
2025 U.S. Dist. LEXIS 28158 (D. Ariz. 2025) ..................................................17

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ....................................................................................10

*Barrus v. Sylvania,*
55 F.3d 468 (9th Cir. 1995) ................................................................................18

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 570 (2007) ....................................................................................21

*Brown v. Elec. Arts, Inc.,*
724 F.3d 1235 (9th Cir. 2013) ............................................................................11

*Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc.,*
448 F.3d 1118, 1125–26 (9th Cir. 2006) ............................................................15

*Deveny v. Entropin, Inc.,*
139 Cal. App. 4th 408 (2006) .............................................................................13

*Downing v. Abercrombie & Fitch,*
265 F.3d 994, 1007 (9th Cir. 2001) ....................................................................18

*Dr. Seuss Enters., L.P. v. ComicMix LLC,*
983 F.3d 443 (9th Cir. 2020) ..............................................................................11

*E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.,*
547 F.3d 1095 (9th Cir. 2008) ............................................................................11

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.,*
69 F.4th 665 (2023) .............................................................................................20

*Gordon v. Drape Creative, Inc.,*
909 F.3d 257, 264 (9th Cir. 2018) ......................................................................11

*Halicki v. United Artists Communications, Inc.,*
812 F.2d 1213, 1214 (9th Cir. 1987) ..................................................................21

*Hanginout, Inc. v. Google, Inc.,*
54 F. Supp. 3d 1109, 1117 (S.D. Cal. 2014) ......................................................15

*Jack Russell Terrier Network v. Am. Kennel Club, Inc.,*
407 F.3d 1027, 1037 (9th Cir. 2005) ..................................................................18

*LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.,*
124 F.4th 1122, 1126 (9th Cir. 2024) .................................................................15

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
572 U.S. 118, 131–32 .....................................................................................19, 21

*Longoria v. Kodiak Concepts LLC,*
527 F. Supp. 3d 1085, 1111 (D. Ariz. 2021) ......................................................21

*Mattel, Inc. v. MCA Records,*
296 F.3d 894, 900 (9th Cir. 2002) ......................................................................11

*N. Star Int'l v. Ariz. Corp. Comm'n,*
720 F.2d 578, 581 (9th Cir. 1983) ........................................................................9

*New West Corp. v. NYM Co. of Cal.,*
595 F.2d 1194, 1201 (9th Cir. 1979) ..................................................................19

*NL Indus., Inc. v. Kaplan,*
792 F.2d 896, 898 (9th Cir. 1986) ........................................................................9

*PAE Gov't Servs., Inc. v. MPRI, Inc.,*
514 F.3d 856 (9th Cir. 2007) ..............................................................................13

**MOTION AND MOTION TO DISMISS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
  769 F. Supp. 3d 1067 (2025) ..............................................................20
*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) ...........................................................7, 11
*S. Cal. Darts Ass'n v. Zaffina*,
  762 F.3d 921, 926 (9th Cir. 2014) ......................................................15
*Skydive Ariz., Inc. v. Quattrocchi*,
  673 F.3d 1105 (9th Cir. 2012) ...........................................................20
*Southland Sod Farms v. Stover Seed Co.*,
  108 F.3d 1134, 1139 (9th Cir. 1997) ...................................................20
*Suzie's Brewery Co. v. Anheuser-Busch Cos.*,
  519 F. Supp. 3d 839, 846 (2021) ........................................................20
*Toho Co. v. Sears, Roebuck & Co.*,
  645 F.2d 788, 790 (9th Cir. 1981) ......................................................15
*Waits v. Frito-Lay, Inc.*,
  978 F.2d 1093 (9th Cir. 1992) ...........................................................18
*Weintraub Fin. Servs. v. Boeing Co.*,
  2020 U.S. Dist. LEXIS 202393 (C.D. Cal. 2020) .................................13
*Zamfir v. Casperlabs, LLC*,
  528 F. Supp. 3d 1136, 1144 (C.D. Cal. 2021) ................................16, 17

**Statutes**
15 U.S.C. § 1125(a) ............................................................15, 16, 17, 19
§ 43(a)(1)(A) .............................................................................8, 16
§ 43(a)(1)(B) .............................................................................8, 19
Cal. Code Civ. Proc. § 425.16 ..............................................................13
Rule 11 ...........................................................................................13
Rule 12(b)(6).........................................................................2, 9, 13


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850506.1                                    6
                        **MOTION AND MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit targets core First Amendment protections by seeking to punish Defendant Learnmore Mwanyenyeka aka Learnmore Jonasi ("Jonasi"), a professional comedian, for comedic and satirical speech. Plaintiff Lebohang Morake's (a.k.a. Lebo M) ("Plaintiff") Lanham Act claims stem from lyrics he wrote for the opening lyric of the song "Circle of Life" (the "Song Lyric") for the animated and live action films, *The Lion King*, and allegations regarding Jonasi's vague and ambiguous use of "It's a Lion" on apparel and goods, which Plaintiff conclusorily asserts constitute violations of the Lanham Act despite not asserting any facts showing a violation occurred. However, Plaintiff's claims are barred by the protections afforded Jonasi under the First Amendment because the Lanham Act only applies to expressive works if the plaintiff can establish one of the two requirements in the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Plaintiff cannot and does not satisfy either requirement.

Plaintiff's claims also fail because Plaintiff omits facts sufficient to allege the threshold artistic nature of Jonasi's use of "It's a Lion" that were in Plaintiff's original Complaint—namely, that Plaintiff's use of "It's a Lion" arises from Plaintiff's comedy act and artistic expression relating to Jonasi's translation of the Song Lyric, which Plaintiff found offensive. This is because Plaintiff knows if he alleges those facts, which were asserted in the original Complaint, then his claims will be barred by the First Amendment and dismissed at an early stage of the litigation. As such, Plaintiff attempts to plead around those fatal defects by omitting those allegations from his First Amended Complaint ("FAC"), thereby rendering the FAC a sham pleading.

In addition to these fundamental fatal defects, Plaintiff also fails to allege facts sufficent to establish the required elements of his false association/false endorsement and false advertising claims. Indeed Plainitff merely asserts conclusory recitations of the statutory elements of such claims untethered to any well-pleaded factual allegations.

**MOTION AND MOTION TO DISMISS**

Plaintiff's false association/false endorsement claim under § 43(a)(1)(A) of the Lanham Act fails because the FAC does not allege specific, plausible facts supporting any of the required elements and fails to establish standing to assert this claim. Plaintiff fails to identify any actionable "designation" or "false representation of fact", fails to allege how any specific designation was used in connection with goods or services, fails to plausibly allege a likelihood of consumer confusion, fails to allege a cognizable injury, and fails to allege any actionable misleading representation.

Plaintiff's false advertising claim under § 43(a)(1)(B) of the Lanham Act also fails as a matter of law because the FAC does not allege facts sufficient to establish any of the required elements of the claim and also fails to establish standing. Plaintiff fails to identify any actionable false statement of fact in commercial advertising or promotion, fails to allege any facts showing actual deception or a tendency to deceive a substantial segment of consumers, fails to plausibly allege materiality which requires a showing that the alleged deception is likely to influence purchasing decisions, fails to allege facts sufficient to demonstrate that the alleged statements were made in interstate commerce, and fails to plead facts demonstrating a cognizable injury proximately caused by the alleged false advertising.

For these reasons, the FAC must be dismissed without leave to amend.

## II.   STATEMENT OF ALLEGED FACTS

In 1994, Plaintiff composed, produced, and performed the opening vocal of The Lion King, "Nants' ingonyama bagithi Baba." Dkt No. 18 [FAC] at ¶¶ 1, 6, and 8. Plaintiff reprised the vocal for the 2019 film and the 2024 film Mufasa and is the credited composer and performer on the associated soundtracks. *Id.*, at ¶ 8. For more than three decades, that signature vocal has functioned as a hallmark of Plaintiff's professional identity, distinctively associated in the marketplace with Plaintiff and his persona, "Lebo M." *Id.*, at ¶ 8. Plaintiff exploits that association commercially— including through the Lebo M Live residency, international touring, and symphony

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW
WGM

8

**MOTION AND MOTION TO DISMISS**

engagements—and controls and licenses the commercial use of his identity. *Id.*, at ¶ 9. The association carries substantial, established goodwill. *Id.*

Jonasi is a comedian and digital-content creator and has built a for-profit enterprise—a branded merchandise line, ticketed live performances, and monetized digital content—by commercially exploiting, in interstate commerce, the composition and persona with which Plaintiff is uniquely identified, in a manner likely to cause consumers to believe that Plaintiff is associated with, sponsors, or endorses that enterprise. *Id.*, at ¶¶ 2 and 7. Jonasi operates an online storefront marketing an "It's a Lion" line of apparel and goods derived from Plaintiff's composition, and promotes ticketed live performances and monetized digital content built on the same material. *Id.*, at ¶ 10. Jonasi's enterprise trades on the composition and the public association with Plaintiff to attract consumers and drive sales. *Id.*

Plaintiff did not authorize Jonasi's commercial exploitation of the association with his signature work. *Id.*, at ¶ 11. After Jonasi's content circulated, Plaintiff notified Jonasi that the use was unauthorized; Jonasi declined to stop and thereafter expanded the enterprise. *Id.*, at ¶11.

Jonasi's commercial use of the association between Plaintiff and his signature work is likely to cause, and has caused consumers to be confused as to whether Plaintiff is affiliated with, sponsors, or endorses Jonasi's merchandise, performances, and content. *Id.*, at ¶ 12.

## III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a cause of action that fails to state a claim upon which relief can be granted. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In considering whether the allegations in the complaint are sufficient to state a claim, courts take all material allegations as true and construe them in the light most favorable to the non-moving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

5850506.1

9

**MOTION AND MOTION TO DISMISS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard requires more than a "sheer possibility" that a defendant has acted unlawfully; rather, the plaintiff must demonstrate that the claim crosses the line from conceivable to plausible. *Id*. at 678-79.

The Supreme Court has made clear that "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient. *Id*. at 678. Nor will "naked assertion[s] devoid of further factual enhancement" suffice. *Id*. A pleading that offers only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fails to meet the pleading standard. *Id*. at 678. Instead, the complaint must present well-pleaded factual allegations that nudge the claim "across the line from conceivable to plausible."

In reviewing a motion to dismiss, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. The court must first identify and disregard conclusory statements, then determine whether the remaining well-pleaded factual allegations, accepted as true, plausibly give rise to an entitlement to relief. *Id*. at 679. This two-step approach ensures that complaints contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Here, the FAC relies entirely on conclusory assertions of intent and wrongdoing untethered from any concrete factual allegations connecting any specific statement to the elements of any cause of action or to any non-speculative damages. Accordingly, it must be dismissed.

///

///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850506.1

10

**MOTION AND MOTION TO DISMISS**

**A.    The First Amendment Bars All Of Plaintiff's Claims Because Jonasi's Statements Are Constitutionally Protected Speech**

Well-established Ninth Circuit precedent recognizes that trademark law cannot be applied in a manner that suppresses protected expression—especially where that expression is disseminated in the marketplace. *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002); *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095 (9th Cir. 2008); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235 (9th Cir. 2013); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443 (9th Cir. 2020). When "artistic expression is at issue," the general likelihood-of-confusion test "fails to account for the full weight of the public's interest in free expression." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018) (quoting *Mattel, Inc. v. MCA Records*, 296 F.3d 894, 900 (9th Cir. 2002)). As a result courts have held that the Lanham Act only applies to expressive works if the plaintiff establishes one of the two requirements in the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). See *MCA Records*, 296 F.3d at 902 (adopting *Rogers* test for use of a trademark in the title of an expressive work); *see also Gordon*, 909 F.3d at 267 (noting that after *MCA Records*, this Court "extended the *Rogers* test beyond a title"). *Rogers* requires the plaintiff to show that the defendant's use of the mark is either (1) "not artistically relevant to the underlying work" or (2) "explicitly misleads consumers as to the source or content of the work." *Gordon*, 909 F.3d at 265.

The Ninth Circuit's adoption and consistent application of the *Rogers v. Grimaldi* test reflects a deliberate effort to safeguard expressive works, even when they are commercially exploited, unless the plaintiff can meet the demanding burden of showing that the use of a mark is either wholly lacking in artistic relevance or explicitly misleading as to source or content. *Mattel*, 296 F.3d 894 at 900; *E.S.S. Entm't 2000*, 547 F.3d at 1100; *Brown*, 724 F.3d at 1241-42; *Dr. Seuss Enters.*, 983 F.3d at 449. Critically, these cases make clear that First Amendment protection does

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

not evaporate simply because an expressive work is distributed for profit or "exploited" commercially. *Id.*

For example, in *Mattel*, the Court held that the First Amendment barred Mattel's claims arising from the commercial release and sale of the song "Barbie Girl" based on Mattel's signature toy product, Barbie, emphasizing that "[t]he fact that expressive works are sold does not make them commercial speech" subject to diminished protection. *Mattel*, 296 F.3d at 906. Similarly, in *E.S.S. Entm't 2000*, the Ninth Circuit extended *Rogers* to the content of a commercially successful video game, holding that the depiction of a strip club bearing similarities to the plaintiff's business was protected because it contributed to the game's expressive goal of parodying a particular urban environment. *E.S.S. Entm't 2000*, 547 F.3d at 1100. In *Brown*, the court reaffirmed that even highly profitable entertainment products, such as the *Madden NFL* video game franchise, remain protected expressive works, and that the realistic depiction of individuals or marks within such works does not give rise to Lanham Act liability absent explicit deception. *Brown*, 724 F.3d at 1241–42. And in *Dr. Seuss*, the Ninth Circuit again confirmed that a commercially distributed mashup book combining elements of two well-known franchises remained protected expressive speech under *Rogers*, notwithstanding its market availability and intent to generate profit. *Dr. Seuss*, 983 F.3d at 459.

Here, Plaintiff alleges that Jonasi is a comedian and digital-content creator who operates an online storefront marketing an "It's a Lion" line of apparel and goods. Dkt No. 18 [FAC] at ¶¶ 2 and 7. Plaintiff then conclusorily alleges that these products are derived from Plaintiff's composition. *Id.*, at ¶¶ 2 and 7. But, Plaintiff has completely failed to allege any facts regarding how Jonasi's "It's a Lion" line of apparel, goods, and commercial use of Plaintiff's composition are actually derived from Plaintiff's composition. *Id.*, at ¶ 10. After all, merely because Plaintiff wrote a song for *The Lion King* franchise, he cannot lay claim to any product that involves a lion. This is a key factual allegation to overcome the First Amendment rights of a comedian and digital

content creator. *See Mattel*, 296 F.3d 894 at 900; *E.S.S. Entm't 2000*, 547 F.3d at 1100; *Brown*, 724 F.3d at 1241-42; *Dr. Seuss Enters.*, 983 F.3d at 449.

### 1.    Plaintiff's First Amended Complaint Is A Sham Pleading Designed To Avoid The Bar Of The First Amendment.

The reason Plaintiff fails to allege any facts showing how Jonasi's "It's a Lion" line of apparel and goods are derived from Plaintiff's composition is that Plaintiff knows if he alleges those facts, then his claims will be barred by the First Amendment.[1] For this reason, Plaintiff omitted those allegations from the FAC even though they were alleged in the original Complaint. As such, the FAC is a sham pleading.[2]

The sham pleading doctrine prevents a plaintiff from omitting harmful facts from a prior proceeding or pleading for the purpose of evading a motion to dismiss. *Weintraub Fin. Servs. v. Boeing Co.*, 2020 U.S. Dist. LEXIS 202393, at *20 (C.D. Cal. 2020). The sham pleading doctrine does this by allowing the court to look back at the earlier complaint to determine whether the plaintiff has improperly attempted to cure fatal deficiencies by deleting or contradicting harmful facts. *Deveny v. Entropin, Inc.*, 139 Cal. App. 4th 408 (2006); *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007) (inconsistencies or omissions may justify scrutiny where

---

[1] On May 5, 2026, Jonasi filed a Motion Under Section 425.16 Of The California Code Of Civil Procedure  And Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (the "Anti-SLAPP/MTD"), specifically targeting Plaintiff's state law claims for defamation, trade libel, and intentional interference with prospective economic advantage through California's anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16). Dkt No. 13. The grounds for the Anti-SLAPP arguments were that Plaintiff's claims sought to punish Jonasi for exercising his First Amendment rights by making a joke about the simplistic translation of the Song Lyric that Plaintiff translates in a very poetic grandiose manner. *Id*. Rather than oppose that motion, Plaintiff filed the FAC in which he dropped all state law claims and only asserted claims under Federal trademark law, which are not subject to California's anti-SLAPP statute.
[2] In conjunction with this motion to dismiss, Jonasi also commenced the process to file a Rule 11 motion for sanctions.



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850506.1

13

**MOTION AND MOTION TO DISMISS**

they suggest an attempt to avoid dispositive defects rather than to clarify or correct earlier allegations).

Here, Plaintiff has omitted key allegations from the FAC that were in the original Complaint because those allegations demonstrate that Plaintiff's claims against Jonasi are barred by the First Amendment. The key material allegations from Plaintiff's original complaint omitted from the FAC are:

- The *"Nants'ingonyama bagithi Baba"* chant is a work of royal praise poetry rooted in the isiZulu and isiXhosa languages and traditions, meaning *"All hail the king; we bow in the presence of the king."* Dkt. No. 1 [Complaint], at ¶¶ 8-9.

- On February 25, 2026, Jonasi also appeared as a guest on the *One54 Africa* podcast, a widely followed online program distributed through YouTube and other platforms during which Jonasi asserted that the phrase *"Nants'ingonyama bagithi Baba"* translates to *"Look, there's a lion. Oh my god." Id.*, at ¶ 10.

- Plaintiff alleges that "Jonasi's translation to "Look, there's a lion. Oh my god" is a "fabricated, trivializing distortion, **meant as a sick joke**…" and characterized Jonasi's translation as "mockery". *Id.*, at ¶¶ 9 (5:12-15), 25 (10:2-3).

The FAC omits all of these allegations and conclusorily asserts that "Defendant operates an online storefront marketing an 'It's a Lion' line of apparel and goods derived from Plaintiff's composition, and promotes ticketed live performances and monetized digital content built on the same material. Defendant's enterprise trades on the composition and the public association with Plaintiff to attract consumers and drive sales." Yet, even assuming this allegation is true, the basis of the "It's a Lion" storefront clearly arises from the initial joke by Jonasi, a comedian exercising his First Amendment rights to create expressive works. Because the First Amendment is so important in our society, the Court should consider the allegations omitted from the

///
///



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

original Complaint on this Motion and not allow Plaintiff to twist trademark law to suppress free speech.  *See Mattel*, 296 F.3d 894 at 900; *E.S.S. Entm't 2000*, 547 F.3d at 1100; *Brown*, 724 F.3d at 1241-42; *Dr. Seuss Enters.*, 983 F.3d at 449.

### B.    Both Of Plaintiff's Lanham Act Claims Fail Because Plaintiff Has Not Pled Sufficient Facts Showing Plaintiff Has Any Trademark Rights In Any Mark

To state a claim under 15 U.S.C. § 1125(a), a plaintiff must first establish a protectable ownership interest in the asserted mark—i.e., that the mark is legally protectable and that the plaintiff is its owner.  See *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014); *LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*, 124 F.4th 1122, 1126 (9th Cir. 2024).  Where, as here, the plaintiff does not rely on a federal registration, he bears the burden of pleading facts showing that the alleged mark has acquired secondary meaning or otherwise functions as a source identifier, rather than merely a phrase or expression.  See *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790 (9th Cir. 1981). To demonstrate common law trademark rights, a plaintiff must allege bona fide, continuous commercial use of the mark sufficient to create an association in the marketplace and, in the absence of nationwide rights, legally sufficient market penetration in a defined geographic area.  See *Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1125–26 (9th Cir. 2006); *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1117 (S.D. Cal. 2014).

The FAC is devoid of all such required allegations showing that Plaintiff has any trademark rights.  Plaintiff only alleges that since composing and first performing the iconic "Nants' ingonyama bagithi Baba" vocal in 1994 film *The Lion King* and its later reprises, the work has, over decades, become a distinctive hallmark of his professional identity as "Lebo M." with substantial goodwill that he commercially exploits through performances, touring, and licensing. Dkt. No. 18 [FAC], at ¶¶ 1, 8, and 9.  Nowhere in these allegations is any specific mark as contemplated by the Lanham act.  Is the mark Plaintiff's performing name, "Lebo M."?  Or, is the mark

5850506.1

15

**MOTION AND MOTION TO DISMISS**

Plaintiff's iconic "Nants' ingonyama bagithi Baba" vocal in 1994 film *The Lion King* given Plaintiff alleged "signature vocal"? Or, is the mark the composition considering Plaintiff alleges "signature work"? Or, is Plaintiff claiming rights in the word "Lion" or the phrase "It's a lion"?

Furthermore, Plaintiff does not plead facts showing: (i) any association of any specific phrase or mark in the minds of consumers, such that the public associates the phrase exclusively with Plaintiff as a source of goods or services; (ii) exclusive use; (iii) substantial sales; (iv) significant advertising expenditures; (v) widespread consumer recognition; (vi) Plaintiff's sales, advertising efforts; (vii) customer base, or (viii) geographic reach. Plaintiff only asserts conclusory assertions that Defendant "trades on" Plaintiff's composition. Such threadbare allegations are insufficient to establish priority, commercial use, or market penetration. See *Dep't of Parks & Recreation*, 448 F.3d at 1125–26; *Hanginout, Inc.*, 54 F. Supp. 3d at 1117.

Because Plaintiff has not adequately alleged either protectability or ownership, he has failed to establish any cognizable trademark rights under § 1125(a). Absent a valid trademark right, Plaintiff's Lanham Act claim necessarily fails as a matter of law and should be dismissed.

**C.      Plaintiff's Claim For Misleading Representation In Violation Of The Lanham Act Fails Because Plaintiff Has Not And Cannot Allege That Jonasi's Statement Was For Commercial Purposes**

Plaintiff's false association/false endorsement claim under § 43(a)(1)(A) of the Lanham Act also fails because the FAC does not allege specific, plausible facts supporting any of the other required elements; instead relying on conclusory recitations that are insufficient as a matter of law. In the Ninth Circuit, a plaintiff must allege that: "(1) the defendant used a word, term, name, symbol, or device … or false designation of origin; (2) the use was in commerce in connection with goods or services; (3) the use is likely to cause confusion … as to affiliation, sponsorship, or approval; and (4) the plaintiff has been or is likely to be injured." *Zamfir v. Casperlabs, LLC*, 528 F. Supp.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

3d 1136, 1144 (C.D. Cal. 2021); *Armored Grp., LLC v. Lutzker*, 2025 U.S. Dist. LEXIS 28158, at *7 (D. Ariz. 2025). Plaintiff's allegations do not plausibly satisfy any of these elements, nor does Plaintiff allege facts sufficient to establish standing to assert this claim.

First, Plaintiff fails to identify any actionable "designation" or "false representation of fact." Beyond alleging that Jonasi has used the phrase "It's a Lion", Plaintiff offers only vague and conclusory accusations that Jonasi "trades on" an "association" with Plaintiff's work. Dkt. No. 18 [FAC], at ¶ 10. Such generalized assertions do not satisfy the requirement that a defendant used a specific designation or representation. Courts routinely dismiss § 1125(a)(1)(A) claims where the plaintiff does not identify the actual challenged use with particularity. See *Zamfir*, 528 F. Supp. 3d at 1144.

Critically, Plaintiff conflates the existence of public recognition of his work with a legally actionable "designation," but the Lanham Act does not prohibit all references to or uses of culturally recognizable material—only false or misleading designations of origin or endorsement. Plaintiff pleads no facts showing that Jonasi expressly or implicitly represented that Plaintiff endorsed or sponsored Jonasi's goods. Indeed, under Plaintiff's allegations, anyone who uses the word "lion" in commerce is subject to suit.

Second, while Plaintiff recites that Jonasi's conduct occurred "in commerce," (Dkt. No. [FAC], at ¶ 15), he again fails to allege facts describing how any specific designation was used in connection with goods or services. The FAC merely states that Jonasi operates a storefront and promotes content, without tying those activities to any particular use of Plaintiff's persona, name, likeness, or other identifying characteristic. Such bare assertions are insufficient to establish actionable use under § 1125(a)(1)(A), which requires more than the mere existence of commercial activity.

Third—and most critically—Plaintiff fails to plausibly allege a likelihood of consumer confusion, which is the centerpiece of any false endorsement claim. See

5850506.1

17

**MOTION AND MOTION TO DISMISS**

*Abdul-Jabbar v. GMC*, 85 F.3d 407, 410 (9th Cir. 1996); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007 (9th Cir. 2001). Specifically, to establish standing, a plaintiff must allege facts demonstrating a commercial injury based on defendant's use that is likely to cause consumer confusion regarding plaintiff's association with defendant's goods or services. See *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005); *Barrus v. Sylvania*, 55 F.3d 468 (9th Cir. 1995); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992). Although Plaintiff parrots the statutory language by asserting that Jonasi's conduct is "likely to cause confusion," (Dkt. No. 18 [FAC], at ¶ 12), he pleads no supporting facts demonstrating how or why consumers would believe Plaintiff is affiliated with or endorses Jonasi's goods, thereby failing to allege a commerical injury. After all, merely because Plaintiff was involved in the song for *The Lion King* does not preclude Jonasi or anyone else from using an image of a lion or the word itself in commerce. There are no allegations regarding the content of the supposed representations, the context in which they were made, the audience's perception, or any facts addressing the *Sleekcraft* factors[3] that guide the confusion analysis in the Ninth Circuit. See *Downing*, 265 F.3d at 1007. Nor does Plaintiff allege any instances of actual confusion. Conclusory statements of likely confusion, without factual enhancement, are insufficient to survive dismissal.

Fourth, Plaintiff fails to adequately plead injury or a likelihood of injury caused by Jonasi's alleged conduct. While Plaintiff asserts generalized harm to "goodwill" and "reputation," (Dkt. No. 18 [FAC], at ¶ 17), he provides no factual allegations showing lost sales, diverted customers, or any concrete economic or reputational harm

---

[3] In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). the Ninth Circuit set forth the factors courts consider in determining likelihood of confusions in Lanham Act claims, which are: (1) strength of the plaintiff's mark, (2) proximity or relatedness of the goods, (3) similarity of the marks or likeness, (4) evidence of actual confusion, (5) marketing channels used, (6) degree of care likely to be exercised by purchasers, (7) defendant's intent in selecting the mark or likeness, and (8) likelihood of expansion of product lines.



proximately caused by Jonasi's actions. The Supreme Court has made clear that a plaintiff must allege a commercial injury to a sales or reputational interest falling within the Lanham Act's zone of interests, and that such injury must be proximately caused by the defendant's conduct. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). Plaintiff's conclusory allegations do not meet that standard.

Finally, Plaintiff's theory improperly attempts to convert the mere use of or reference to a well-known creative work into a false endorsement claim, without alleging the essential element of a misleading representation. The Lanham Act "seeks to guard against deceptive practices in the marketplace," not to create a monopoly over all uses of culturally recognizable content. *New West Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979). Absent factual allegations that Jonasi made a representation likely to mislead consumers into believing Plaintiff endorsed or sponsored JOnasi's goods, Plaintiff's claim cannot proceed.

In sum, the FAC offers only threadbare recitals of the elements of a false association claim, unsupported by factual allegations identifying a specific designation, demonstrating likely confusion, or establishing resulting injury. Under controlling Ninth Circuit authority, such conclusory pleading fails as a matter of law. Accordingly, Plaintiff's false endorsement claim under § 1125(a)(1)(A) should be dismissed without leave to amend.

**D.    Plaintiff's Claim For Misleading Representation In Violation Of The Lanham Act Fails Because Plaintiff Has Not And Cannot Allege That Jonasi's Statement Was For Commercial Purposes**

Plaintiff's false advertising claim under § 43(a)(1)(B) of the Lanham Act fails as a matter of law because the FAC pleads only conclusory assertions and does not allege facts sufficient to establish any of the required elements recognized by the Ninth Circuit. To state a claim, Plaintiff must plausibly allege: "(1) a false statement of fact by the defendant in a commercial advertisement …; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

is material …; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); see also *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105 (9th Cir. 2012); *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665 (2023). Plaintiff's allegations fall short at each step.

First, Plaintiff does not identify any actionable "false statement of fact" in "commercial advertising or promotion," instead relying on vague and conclusory assertions that Jonasi made "false or misleading representations" suggesting affiliation or endorsement. Dkt. No. 18 [FAC], at ¶ 12. That is insufficient. The Ninth Circuit distinguishes between actionable factual representations and non-actionable opinion, parody, or puffery, the latter of which cannot support a Lanham Act claim. See *Enigma*, 69 F.4th at 671; *Suzie's Brewery Co. v. Anheuser-Busch Cos.*, 519 F. Supp. 3d 839, 846 (2021). Nowhere does Plaintiff plead the specific statements at issue, the context in which they were made, or facts showing they constitute verifiable factual claims rather than expressive content. Nor does Plaintiff plausibly allege that any statement qualifies as "commercial advertising or promotion," which requires commercial speech intended to influence purchasing decisions and sufficiently disseminated to a relevant purchasing public. See *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 769 F. Supp. 3d 1067 (2025). Bare recitations that Jonasi's conduct was "commercial speech" are not entitled to the presumption of truth.

Second, Plaintiff fails to allege any facts showing actual deception or a tendency to deceive a substantial segment of consumers. Instead, Plaintiff simply asserts that Jonasi's conduct is "likely to cause" confusion. Dkt. No. 18 [FAC], at ¶ 12. That type of conclusory allegation is precisely what courts reject. A plaintiff must plead facts showing how consumers were misled, such as the nature of the audience, the message conveyed, or why the statement would be understood as a factual claim rather than

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

20

**MOTION AND MOTION TO DISMISS**

opinion or entertainment.  See *Southland Sod*, 108 F.3d at 1139.  Plaintiff pleads none of that here.

Third, Plaintiff does not plausibly allege materiality.  Materiality requires facts showing that the alleged deception is likely to influence purchasing decisions.  *Skydive Arizona*, 673 F.3d 1105.  The FAC offers only a formulaic recitation that the alleged misrepresentations are "material," (Dkt. No. 18 [FAC], at ¶ 21), with no supporting facts—such as consumer behavior, purchasing motivations, or any causal connection between the alleged statements and sales.  Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient as a matter of law.  *Ashcroft*, 556 U.S. at 678 (2009).

Fourth, although Plaintiff recites that the alleged statements were made in interstate commerce, (Dkt. No. 18 [FAC], at ¶ 21), he again pleads no underlying facts describing the dissemination, scope, or nature of the alleged advertising.  Such a "formulaic recitation of the elements of a cause of action" and "naked assertion[s] devoid of further factual enhancement" are insufficient.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Finally, Plaintiff fails to plead facts demonstrating cognizable injury proximately caused by the alleged false advertising. To fall within the Lanham Act's zone of interests, and thus have standing to assert the claim, a plaintiff must allege injury to a commercial interest in reputation or sales, such as diverted customers or loss of goodwill. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32; *Longoria v. Kodiak Concepts LLC*, 527 F. Supp. 3d 1085, 1111 (D. Ariz. 2021). Specifically, "to satisfy standing the plaintiff must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e. harmful to the plaintiff's ability to compete with the defendant." *Barrus*, 55 F.3d at 470 (citing *Halicki v. United Artists Communications, Inc.*, 812 F.2d 1213, 1214 (9th Cir. 1987).  Here, Plaintiff alleges only generalized harm to "goodwill" and "reputation," (Dkt. No. 18 [FAC], at ¶ 21), without any factual support showing

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

lost sales, diverted business, or any causal nexus between Defendant's alleged statements and actual marketplace harm., thereby failing to astisfy both prongs. Conclusory allegations of injury are insufficient.

In short, Plaintiff's false advertising claim consists of nothing more than a formulaic recitation of the elements of § 1125(a)(1)(B), devoid of factual enhancement. He fails to identify a specific false statement of fact, fails to allege facts showing deception or materiality, fails to plausibly plead qualifying commercial advertising, and fails to allege a concrete injury caused by the purported statements. Under well-established Ninth Circuit law, such threadbare pleading cannot survive dismissal. Accordingly, Plaintiff's false advertising claim must be dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Jonasi's Motion To Dismiss without leave to amend.

Dated:  June 22, 2026

By:_____
BRYAN M. SULLIVAN
(State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN
(State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Defendant*
*Learnmore Mwanyenyeka*

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendant Learnmore Mwanyenyeka aka Learnmore Jonasi, hereby certifies that this brief contains 5,229 words, excluding those portions set forth in L.R. 11-6.1, which complies with the word limit of L.R. 11-6.1.

Dated:  June 22, 2026                    By: _____
                                                ZACHARY C. HANSEN

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

MOTION AND MOTION TO DISMISS