# EXHIBIT A



**ZACHARY C. HANSEN**
DD: (323) 301-4664
zhansen@earlysullivan.com

June 11, 2026

**VIA E-MAIL**

Jonathan D. Freund, Esq.
Craig A. Huber, Esq.
FREUND LEGAL
9229 Sunset Blvd. #525
West Hollywood, CA 90069
jonathan@freundlegal.com
craig@freundlegal.com

     **Re:**    ***Lebohang Morake v. Learnmore Mwanyenyeka* (Case No. 2:26-cv-02795)**

Dear Counsel:

This letter is submitted pursuant to Local Civil Rule 7-3 to request a meet-and-confer on or before June 15, 2026 regarding Defendant Learnmore Mwanyenyeka a/k/a Learnmore Jonasi's ("Mr. Jonasi") anticipated motion to dismiss in its entirety Plaintiff Lebohang Morake's ("Plaintiff") First Amended Complaint ("FAC").

As pleaded in the FAC, Plaintiff, a Grammy Award–winning composer and performer best known for the iconic opening vocal of *The Lion King*, alleges that for more than thirty years this vocal has served as a distinctive identifier of his identity and carries substantial commercial goodwill, and that Mr. Jonasi, a comedian and content creator, has built a for-profit enterprise—including merchandise, live performances, and monetized digital content—by exploiting that signature work and its strong public association with Plaintiff without authorization. Despite being notified, Mr. Jonasi allegedly refused to cease such exploitation and instead expanded his activities, using the association in a manner that is likely to and has caused consumer confusion as to whether Plaintiff is affiliated with, sponsors, or endorses Mr. Jonasi's goods and services, thereby constituting false association and false endorsement under the Lanham Act, as well as false advertising through misleading commercial representations suggesting Plaintiff's involvement, which Plaintiff claims has damaged his reputation, diminished the value of his brand, and unjustly enriched Mr. Jonasi, entitling Plaintiff to injunctive relief, monetary damages, Mr. Jonasi's profits, attorneys' fees, and other appropriate relief.

As an initial matter, you should consider your obligations under Federal Rule of Civil Procedure 11, particularly in light of Plaintiff's omission in the FAC of specific factual allegations

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP | 6420 WILSHIRE BOULEVARD | 17TH FLOOR | LOS ANGELES, CALIFORNIA 90048
TEL: (323) 301-4660 | FAX: (323) 301-4676| WWW.EARLYSULLIVAN.COM

CALABASAS | LAS VEGAS | LOS ANGELES | PHOENIX

Jonathan D. Freund, Esq.
Craig A. Huber, Esq.
June 11, 2026
Page 2



included in the original complaint that render the FAC fatally defective.  Specifically, the original complaint acknowledged that Mr. Jonasi—a comedian and online content creator—made the challenged statements during a humorous appearance on the One54 Africa podcast and in a YouTube clip where he jokingly translated the chant as "Look, there's a lion. Oh my god."  Yet, the FAC omits this context and focuses on a "commercial enterprise" in an effort to avoid having Plaintiff's claims be dismissed on a motion to dismiss.  While Ninth Circuit law generally provides that an amended complaint supersedes the original and renders it legally inoperative unless expressly incorporated (see *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989)), prior allegations may still be considered in certain circumstances, including as admissions or under the sham pleading doctrine, which permits courts to examine earlier pleadings where a plaintiff omits damaging facts to avoid deficiencies.  *Deveny v. Entropin, Inc.*, 139 Cal. App. 4th 408, 425–26 (2006); *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859–60 (9th Cir. 2007).  This is clearly what is occurring here.

Turning to the deficiencies of the FAC, it is fundamentally defective. It relies almost entirely on conclusory assertions of Mr. Jonasi's "commercial enterprise" without connecting "It's a Lion" to Lebo M.'s song.  Moreover, the FAC is completely untethered from any concrete factual allegations connecting any specific statement to the elements of any cause of action or to any non-speculative damages, which alone is fatal. In short, none of the allegations rise to the required pleading standards under Federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, the FAC is fatally defective because Plaintiff's Lanham Act claims are barred by the First Amendment under well-settled Ninth Circuit authority applying the *Rogers v. Grimaldi* test.  The *Rogers* test protects expressive works unless the challenged use of a mark has no artistic relevance or is explicitly misleading as to source.  Here, Mr. Jonasi's alleged conduct in the FAC—marketing t-shirts or performing shows based on "It's a Lion"—falls squarely within protected expressive activity, and the FAC fails to plausibly allege either prong of the *Rogers* test, as Mr. Jonasi does not use Plaintiff's signature vocal.  Moreover, under the sham pleading doctrine, the Court can consider the allegations from the original complaint that shows Plaintiff's claims are based on Defendant's artistic comedic expression and social commentary which are protected by the First Amendment. *See Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902–07 (9th Cir. 2002) (adopting *Rogers* and holding parody song protected), *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100–01 (9th Cir. 2008) (extending *Rogers* to expressive content within works), *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241–45 (9th Cir. 2013) (holding video game depiction protected absent explicit misleadingness), *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 461–64 (9th Cir. 2020) (finding mashup expressive and protected), *VIP Prods. LLC v. Jack*

Jonathan D. Freund, Esq.
Craig A. Huber, Esq.
June 11, 2026
Page 3



*Daniel's Props., Inc.*, 953 F.3d 1170, 1174–77 (9th Cir. 2020) (applying *Rogers* to parody products). Accordingly, Plaintiff's claims under 15 U.S.C. § 1125 are barred as a matter of law.

Plaintiff's Lanham Act claims under 15 U.S.C. § 1125 independently fail because Plaintiff does not—and cannot—allege that Mr. Jonasi made (i) a false or misleading statement of fact, (ii) in commercial advertising or promotion, (iii) about his own or another's goods or services, and (iv) that was likely to influence consumers' purchasing decisions.  Mr. Jonasi is not a commercial competitor of Plaintiff, did not engage in commercial advertising or promotion, and did not make factual representations about any product or service, nor does Plaintiff allege the same beyond conclusory recitations of those elements without any supporting facts. Courts routinely dismiss Lanham Act claims on these grounds. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999); *Alfasigma USA, Inc. v. First Databank, Inc.*, 525 F. Supp. 3d 1088 (N.D. Cal. 2021); *New Show Studios LLC v. Needle*, 2014 U.S. Dist. LEXIS 197422 (C.D. Cal. 2014). Also, Plaintiff's conclusory allegations are insufficiently plead to establish standing under the Lanham Act – namely to show (1) his interests must fall within the "zone of interests" protected by the statute such that there is any injury to a commercial interest in reputation or sales, and (2) that the alleged injury was proximately caused by the defendant's violation of the statute. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ("To come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff had to allege an injury to a commercial interest in reputation or sales. A plaintiff also had to show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising.") Plaintiff pleads no facts that establish either of these criteria and instead simply recites these criteria without any connection to well-pleaded facts.

In short, the Complaint is an impermissible attempt to weaponize intellectual property law to silence protected speech. It is factually unsupported, internally inconsistent, and legally untenable. Mr. Jonasi intends to seek dismissal of all claims with prejudice, and, if necessary, appropriate relief based on Plaintiff's pursuit of meritless claims.  Mr. Jonasi prefers to resolve this matter without unnecessary motion practice. However, absent Plaintiff's prompt withdrawal of the First Amended Complaint, Defendant will proceed with a motion to dismiss and will evaluate all available remedies, including those contemplated by Rule 11.

Please contact me at your earliest convenience to discuss your position and whether Plaintiff intends to withdraw or amend the FAC in advance of motion practice.

*///*

Jonathan D. Freund, Esq.
Craig A. Huber, Esq.
June 11, 2026
Page 4



Nothing in this correspondence constitutes, or should be construed as, a waiver of any rights, defenses, or arguments, all of which are expressly reserved.

Very truly yours,

Zachary C. Hansen
on behalf of
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

cc:    Bryan M. Sullivan (via email to bsullivan@earlysullivan.com)

5850505.1