Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Defendant
LEARNMORE MWANYENYEKA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBOHANG MORAKE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LEARNMORE MWANYENYEKA, an individual,<br><br>Defendant. | Case No. 2:26-cv-02795-JLS-AS<br><br>**DEFENDANT LEARNMORE MWANYENYEKA'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH ANTI-SLAPP MOTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration Of Bryan Sullivan; Declaration of Zachary C. Hansen; and [Proposed] Order]*<br><br>Date:  August 28, 2026<br>Time: 10:30 a.m.<br>Ctrm.: 8A<br><br>District Judge: Hon. Josephine L. Staton<br>Magistrate Judge: Hon. Alka Sagar |

5850509.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 28, 2026 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Learnmore Mwanyenyeka aka Learnmore Jonasi ("Jonasi"), by and through his attorneys of record, hereby moves this Court for an order awarding him his attorney's fees in the amount of $75,735.00 pursuant to California Code of Civil Procedure Section 425.16, subdivision (c) in connection with Jonasi's Motion Under Section 425.16 Of The California Code Of Civil Procedure  And Motion To Dismiss Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (the "Anti-SLAPP Motion"). This motion is brought on the grounds that Jonasi prevailed on the Anti-SLAPP Motion by virtue of Plaintiff Lebohang Morake's (a.k.a. Lebo M) ("Plaintiff") dropping of the state law claims from his First Amended Complaint to which the Anti-SLAPP Motion was directed.  Furthermore, $75,735.00 represents a reasonable fee incurred.

This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Bryan M. Sullivan, and declaration of Zachary C. Hansen, as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

///
///
///
///
///
///
///
///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Pursuant to Central District of California Local Rule 7-3, on June 22, 2026, counsel for Jonasi sent a letter to Jonathan D. Freund, Esq. and Craig A. Huber, Esq., counsel of record for Plaintiff, outlining the basis for the instant motion and requesting a telephonic meet and confer conference regarding the same. See Declaration of Zachary C. Hansen ("Hansen Decl."), ¶2, Ex. A. Thereafter, Mr. Freund and Mr. Huber withdrew from representing Plaintiff and Michael A. Younge, Esq. made an appearance on behalf of Plaintiff. Counsel for the Parties conducted the meet and confer conference call on July 9, 2026, however no resolution was reached and this Motion follows. *Id*.

Dated: July 13, 2026

By:  _____
BRYAN M. SULLIVAN
(State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN
(State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Defendant*
*Learnmore Mwanyenyeka*

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5850509.1

3

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 6

I.      INTRODUCTION ..................................................................................... 6

II.     STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY .... 7

III.    JONASI PREVAILED UPON HIS ANTI-SLAPP MOTION WHEN PLAINTIFF DROPPED THE STATE LAW CLAIMS FROM THE FIRST AMENDED COMPLAINT ................................................................................... 8

IV.     DEFENDANT'S FEE REQUEST IS REASONABLE UNDER THE CIRCUMSTANCES ........................................................................................ 10

        A.      THE REQUESTED RATES ARE REASONABLE ........................... 11

        B.      THE REQUESTED NUMBER OF HOURS IS REASONABLE ....... 13

        C.      BECAUSE MESSRS. SULLIVAN AND HANSEN REPRESENTED JONASI ON A PARTIAL CONTINGENCY AND ARE WELL UNDER THE LODESTAR FOR RELEVANT SERVICES, THE FEE AWARD SHOULD BE ENHANCED BY A MULTIPLE OF 3 ......... 14

V.      CONCLUSION ........................................................................................ 16

CERTIFICATE OF COMPLIANCE ................................................................ 17

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alghanim v. Alghanim,*
   2024 U.S. Dist. 84053 (C.D. Cal. May 8, 2024) ....................................................11

*Art of Living Found. v. Doe,*
   2012 U.S. Dist. LEXIS 61582 (N.D. Cal. May 1, 2012) .........................................9

*Coltrain v. Shewalter,*
   66 Cal. App. 4th 94, 107 (1998)...............................................................................9

*Concepcion v. Amscan Holdings, Inc.,*
   223 Cal. App. 4th 1309, 1324 (2014))....................................................................13

*Graham v. DaimlerChrysler Corp.,*
   34 Cal.4th 553, 579 (2004).....................................................................................15

*Ketchum v. Moses,*
   24 Cal. 4th 1122, 1131-1132 (2001) ..........................................................14, 15, 16

*Lunada Biomedical v. Nunez,*
   230 Cal. App. 4th 459, 487 88 (2014).....................................................................13

*Mann v. Quality Old Time Service, Inc.,*
   139 Cal. App. 4th 328 (2006)................................................................................8, 9

*McCown v. City of Fontana,*
   565 F.3d 1097, 1102 (9th Cir. 2009) ......................................................................11

*Minichino v. First California Realty,*
   2012 WL 6554401 (N.D. Cal. Dec. 14, 2012) .......................................................11

*Mireskandari v. Daily Mail and General Trust PLC,*
   2014 U.S. Dist. LEXIS 201202 (C.D. Cal. Nov. 7, 2014) .....................................11

*Monteleone v. Goldberg,*
   2025 U.S. Dist LEXIS 268999 (C.D. Cal. Dec. 16, 2025) .....................................13

*Moore v. Liu,*
   69 Cal. App. 4th 745, 750-51 ...................................................................................9

*N.T.A.A., Inc. v. Nordstrom*
   2024 U.S. Dist. LEXIS 72914 (C.D. Cal. April 19, 2024) ,.............................12, 13

*Pasadena Tournament of Roses Ass'n v. City of Pasadena,*
   2022 WL 2189523 (C.D. Cal. March 17, 2022).....................................................11

*PLCM Group v. Drexler,*
   22 Cal. 4th 1084, 1096 (2000)................................................................................11

*Plevin v. City & County of San Francisco,*
   2013 U.S. Dist. LEXIS 70133 (N.D. Cal. May 16, 2013) .......................................9

*Salveson v. Kessler,*
   2023 U.S. Dist. LEXIS 235464 ..............................................................................14

*Serrano v. Priest,*
   20 Cal.3d 25, 49 (1977)..........................................................................................14

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
   190 F.3d 963 (9th Cir. 1999)...................................................................................10

*Wilkerson v. Sullivan,*
   99 Cal. App. 4th 443 (2002)....................................................................................10

*Woulfe v. Universal City Studios LLC,*
   2024 U.S. Dist. LEXIS 47663, n.5 (C.D. Cal. Feb. 8, 2024)..................................14

*Zelaya v. City of Los Angeles,*
   2024 U.S. Dist. LEXIS 112652 (C.D. Cal. June 25, 2024).....................................12

**Statutes**

15 U.S.C. § 1125.............................................................................................................7

California Code of Civil Procedure § 425.16 ...................................................2, 6, 7, 8, 10

California Code of Civil Procedure § 425.16(c) ..............................................6, 8, 10

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850509.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Learnmore Mwanyenyeka, aka Learnmore Jonasi ("Jonasi"), hereby seeks an award of attorney's fees against Plaintiff Lebohang Morake's (a.k.a. Lebo M) ("Plaintiff") pursuant to California Code of Civil Procedure § 425.16(c) after successfully achieving the dismissal of all state law claims asserted against him following the filing of an anti-SLAPP Motion under § 425.16.

Plaintiff's original Compliant alleged that, during a podcast, Jonasi improperly translated the opening chant "Nants'ingonyama bagithi Baba," (the "Song Lyric") of "Circle of Life" from *The Lion King*, written by Plaintiff, as "Look, there's a lion. Oh my god" (the "Translation"), a remark Plaintiff conceded was made in a comedic context describing it in the original Complaint as a "sick joke". Notwithstanding that admission—and despite the existence of similar simplified translations in public discourse—Plaintiff filed suit asserting state law claims for defamation, trade libel, and tortious interference with prospective economic advantage, directly targeting Jonasi's protected speech and artistic expression.

Jonasi promptly responded by filing an anti-SLAPP motion under § 425.16 to strike these claims as meritless attacks on protected expression. Rather than oppose the motion on the merits, Plaintiff removed every challenged state law claim from his subsequently First Amended Complaint (the "FAC"). That strategic abandonment accomplished precisely what Jonasi's anti-SLAPP motion sought: the complete elimination of the state law causes of action. Under settled law, this result renders Jonasi the "prevailing party" for purposes of § 425.16(c), notwithstanding Plaintiff's attempt to avoid an adverse ruling through amendment.

The anti-SLAPP statute's mandatory fee-shifting provision exists to deter exactly this type of litigation and to ensure that defendants forced to defend against such claims are compensated. Allowing a plaintiff to escape fee liability by withdrawing claims after an anti-SLAPP motion is filed would undermine the

5850509.1

6

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

statute's purpose and encourage abusive pleading tactics. Because Jonasi achieved his litigation objective in full, as explained below, he is entitled to recover the attorney's fees and costs incurred in bringing his anti-SLAPP motion and this fee application, which is $75,735.00.

## II.    STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY

Plaintiff filed his original Complaint on March 16, 2026, asserting causes of action for (1) misleading representation in violation of the Lanham Act, 15 U.S.C. § 1125; (2) defamation per se; (3) trade libel; and (4) tortious interference with prospective economic advantage. Dkt. No. 1 [Complaint]. In the original Complaint, Plaintiff alleged that he is a Grammy Award–winning composer known for creating and performing the opening chant in *The Lion King*, and alleges that the chant is culturally significant praise poetry meaning "All hail the king; we bow in the presence of the king." *Id.*, at ¶¶ 5-9. Plaintiff further alleged that Jonasi is a comedian and digital content creator (*id.*, at ¶ 6) and that on February 25, 2026, Jonasi appeared on the *One54 Africa* podcast, where he intentionally falsely stated that the chant for which Plaintiff is famous translates to "Look, there's a lion. Oh my god." *Id.*, at ¶¶ 10-13. Plaintiff alleged Jonasi presented this statement as a factual translation—not as comedy—and then continued to assert its accuracy when questioned. *Id.* Clips of the podcast spread widely online, reaching millions of viewers, and Jonasi allegedly repeated the statement across social media platforms. *Id.*, at ¶¶ 13, 26. Plaintiff alleged that Jonasi's statements misrepresent his work, harm his professional reputation, and cause public confusion regarding the chant's meaning and cultural significance. Plaintiff further alleges that the controversy has led to confrontations during performances, backlash requiring increased security, and potential harm to business relationships, while Jonasi has profited from the publicity. *Id.*, at ¶¶ 28 and 47.

On May 5, 2026, Jonasi filed a Motion Under Section 425.16 of the California Code of Civil Procedure (anti-SLAPP motion) and a Rule 12(b)(6) motion to dismiss, specifically targeting Plaintiff's state law claims for defamation, trade libel, and

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

intentional interference with prospective economic advantage. Dkt. No. 13 [Anti-SLAPP Motion and Motion to Dismiss]. Rather than oppose those motions, Plaintiff filed a First Amended Complaint ("FAC") on June 8, 2026, in which he dropped all state law claims. Dkt. No. 18 [FAC].

Notably, Jonasi's attorney, Mr. Sullivan, took this case to defend Jonasi's First Amendment rights and is not charging Jonasi any hourly rate for his time. See Declaration of Bryan M. Sullivan ("Sullivan Decl."), at ¶7. Moreover, Mr. Sullivan's associate, Mr. Hansen's billing rate was reduced from $475 per hour to $250 per hour in light of the importance of protecting Jonasi's First Amendment rights. *Id*. As such, this is a contingency matter. *Id*.

### III. JONASI PREVAILED UPON HIS ANTI-SLAPP MOTION WHEN PLAINTIFF DROPPED THE STATE LAW CLAIMS FROM THE FIRST AMENDED COMPLAINT

Jonasi is entitled to recover attorney's fees under California Code of Civil Procedure § 425.16 because he achieved the precise objective of his anti-SLAPP motion: the elimination of all state law claims asserted against him in the original Complaint. Plaintiff's decision to omit every state law cause of action from the FAC constitutes a voluntary abandonment of the very claims targeted by Jonasi's pending anti-SLAPP motion, rendering Jonasi the "prevailing party" within the meaning of the statute.

Section 425.16(c) mandates that a prevailing defendant on a special motion to strike "shall be entitled to recover his or her attorney's fees and costs." This fee-shifting provision is designed to deter meritless claims that chill protected activity and to compensate defendants forced to respond to such claims. See *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328 (2006). The statute must therefore be applied in a manner that prevents plaintiffs from evading its consequences through procedural maneuvering.

///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850509.1

8

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

Here, Jonasi filed an anti-SLAPP motion directed at all state law claims in the original Complaint. Rather than oppose the motion on the merits, Plaintiff removed every one of those claims when filing the FAC. That amendment functioned as a voluntary dismissal of the claims subject to the motion. Courts consistently hold that such conduct does not defeat a defendant's right to recover fees; otherwise, plaintiffs could nullify the anti-SLAPP statute simply by amending their pleadings after a motion is filed, leaving the defendant to bear the burden of the fees incurred to make such a meritorious challenge.

Under controlling authority, the key inquiry is whether the defendant achieved his litigation objective and obtained a practical benefit. See *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998) (the policies behind the anti-SLAPP statute do not support plaintiff's argument that voluntary dismissal should preclude an award of attorney's fees); see also *Mann*, 139 Cal. App. 4th at 340. Jonasi plainly achieved his litigtion objective to eliminate the state law claims as SLAPPs. Plaintiff's wholesale abandonment of those claims accomplished exactly that result. There is no plausible argument that the outcome was "minimal or insignificant"—Jonasi succeeded completely with respect to the claims at issue.

Federal and state courts alike recognize that when a plaintiff drops claims targeted by an anti-SLAPP motion, the defendant is ordinarily deemed the prevailing party. In *Art of Living Found. v. Doe*, 2012 U.S. Dist. LEXIS 61582 (N.D. Cal. May 1, 2012), the court held that amending a complaint to remove claims subject to an anti-SLAPP motion is tantamount to a voluntary dismissal and does not preclude an award of fees. Similarly, in *Plevin v. City & County of San Francisco*, 2013 U.S. Dist. LEXIS 70133 (N.D. Cal. May 16, 2013) the court allowed a fee request even though the amended complaint mooted the motion, recognizing that the plaintiff's omission of claims constituted a voluntary abandonment. California courts are in accord: a plaintiff cannot avoid liability for attorney's fees by voluntarily dismissing claims targeted by an anti-SLAPP motion. See *Moore v. Liu*, 69 Cal. App. 4th 745, 750-51.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

While courts retain discretion to determine prevailing party status when claims are dismissed, that discretion is guided by whether the plaintiff's action was motivated by the merits of the anti-SLAPP motion or independent reasons. See *Coltrain*, 66 Cal. App. 4th at 107; *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443 (2002).  Here, the timing and scope of Plaintiff's amendment leaves little doubt; Plaintiff dropped every state law claim only after Jonasi filed a motion squarely challenging those claims under § 425.16. This sequence strongly supports the conclusion that the amendment was made to avoid an adverse ruling on the anti-SLAPP motion.

Moreover, courts have emphasized that defendants are entitled to a determination supporting fees even after dismissal to prevent manipulation of the statute. See *Liu*, 69 Cal. App. 4th 745.  Denying fees here would undermine the statute's purpose by encouraging plaintiffs to plead SLAPP claims and then withdraw them without consequence once challenged.  See *Coltrain*, 66 Cal. App. 4th at 106 ("Otherwise, SLAPP plaintiffs could achieve most of their objective with little risk — by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice.")

Finally, the anti-SLAPP statute, including its fee-shifting provision, applies in federal court.  See *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).  Thus, Jonasi's entitlement to fees is fully enforceable in this forum.

In sum, because (1) Jonasi's anti-SLAPP motion targeted all state law claims, (2) Plaintiff eliminated those claims in response by amending the original Complaint, and (3) Jonasi thereby achieved his litigation objective in full, he is the prevailing party under § 425.16(c) and is entitled to recover his attorney's fees and costs.

## IV.    <u>**DEFENDANT'S FEE REQUEST IS REASONABLE UNDER THE CIRCUMSTANCES**</u>

Fees under California's anti-SLAPP statute are calculated using the lodestar approach, in which the court begins by "multiplying the number of hours reasonably

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

spent on the litigation by a reasonable hourly rate." *Minichino v. First California Realty*, 2012 WL 6554401, at *3 (N.D. Cal. Dec. 14, 2012) (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).) The lodestar may be adjusted based on case-specific considerations, such as the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. *Id.* (citing *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1096 (2000); *see also Pasadena Tournament of Roses Ass'n v. City of Pasadena*, 2022 WL 2189523, at *6 (C.D. Cal. March 17, 2022) (same). The fees awarded in connection with an anti-SLAPP motion include the amounts incurred in connection with the fee motion itself. *See, e.g., Mireskandari v. Daily Mail and General Trust PLC,* 2014 U.S. Dist. LEXIS 201202, at *4 (C.D. Cal. Nov. 7, 2014) ("The fees awarded should encompass all proceedings directly related to defendants' special motion to strike, including those hours expended in obtaining fees") (citing multiple authorities in support).

Here, Jonasi seeks $75,735.00, as discussed in more detail below. (Sullivan Decl., at ¶ 11.)

### A.     THE REQUESTED RATES ARE REASONABLE

To determine the reasonableness of rates charged in the lodestar analysis, courts look to "prevailing market rates in the relevant community," which generally "is the forum in which the district court sits." *Yuga Labs, Inc. v, Ripps*, 2024 U.S. Dist. LEXIS 24303, at *4 (C.D. Cal. Jan. 11, 2024). "A billing rate that is the usual rate an attorney charge for his or her services is evidence that the rate approximates the market rate." *Id.* at *5. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Alghanim v. Alghanim*, 2024 U.S. Dist. 84053, at *3 (C.D. Cal. May 8, 2024).

///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Here, Jonasi's legal team at Early Sullivan Wright Gizer & McRae LLP responsible for bringing Jonasi's Anti-SLAPP arguments consisted of two highly skilled attorneys: partners Bryan M. Sullivan and associate Zachary Hansen. (Sullivan Decl., at ¶¶ 2-4.)  Mr. Sullivan has over 25 years of experience and has been recognized in numerous publications over the past 15 years as for decades as one of the nation's leading attorneys in the entertainment industry and has significant experience analyzing First Amendment issues and anti-SLAPP issues.  Further, Mr. Sullivan regularly represents high profile individuals. (*Id.*)  Mr. Hansen has over seven years of experience as an attorney and has prior experience litigating First Amendment issues and anti-SLAPP issues.

*Yuga Labs* is particularly useful in establishing that counsel's rates in this case are reasonable.  There, retired District Judge Margaret Morrow, serving as special master, concluded that a large law firm's hourly rates for 2022 and 2023, ranging up to $1,410 for the lead partner on the matter, were reasonable in the Central District. *Yuga Labs*, 2024 U.S. Dist. LEXIS 24303.  Judge Morrow also cited multiple recent attorney's fee cases in the Central District, which ruled that rates of up to $1,600 per hour could be reasonable.  *Id.* at *8 (citing multiple cases).  And Judge Morrow cited news reports and other literature on the billing rates of large law firms, which demonstrated that in many firms, associates with three to five years' experience bill at rates at or near $1,000 per hour, further demonstrating the reasonableness of Messrs. Sullivan's and Hansen's rates.  *Id.* at *12 & n.10.  Additional cases in the Central District, not relied on by *Yuga Labs*, further evidence that the rates of Defendant's counsel here are reasonable.  *See, e.g., Zelaya v. City of Los Angeles*, 2024 U.S. Dist. LEXIS 112652, at *6-7 (C.D. Cal. June 25, 2024) (finding $1,300 hourly rate for plaintiff's civil rights litigator appropriate given his experience, skill and reputation); *Alghanim*, 2024 U.S. Dist. 84053, at *3-4(finding requested large law firm rates of up to $1,270 per hour to be reasonable); *N.T.A.A., Inc. v. Nordstrom*, ///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

*Inc.*, 2024 U.S. Dist. LEXIS 72914, at *13-15 (C.D. Cal. April 19, 2024) (finding requested large law firm rates of up to $1,364.70 per hour to be reasonable).

Here, Jonasi is requesting Mr. Sullivan's rate as $850 and Mr. Hansen's rate of $475 per hour.  (Sullivan Decl., at ¶ 11.)

## B.   THE REQUESTED NUMBER OF HOURS IS REASONABLE

Here, Jonasi seeks reimbursement for 14.2 hours for Mr. Sullivan's work on the Anti-SLAPP Motion and 12.1 hours for Mr. Hansen's work on the Anti-SLAPP Motion.  Jonasi arrived at these figures as follows.

First, Messrs. Sullivan and Hansen divided the work on the Anti-SLAPP Arguments with Mr. Sullivan initially drafting of the Anti-SLAPP Arguments, including researching the facts submitted in support of the Anti-SLAPP Arguments, and drafting Mr. Jonasi's declarations.  Then, Mr. Hansen revised the Anti-SLAPP Arguments and prepared the supporting documents, including Mr. Sullivan's declaration and his own declaration.[1] (Sullivan Decl., at ¶ 9.)

Second, Messr. Sullivan and Hansen took steps to ensure their respective time entries reflected time spent on the Anti-SLAPP Arguments as opposed to other issues. (Sullivan Decl., ¶ 9.)

Third, Mr. Sullivan, as the billing partner, reviewed the time entries and only counted the time clearly spent on the Anti-SLAPP Arguments.  (Sullivan Decl., at ¶¶ 9-10.)

Finally, Mr. Sullivan incurred 6 hours and Mr. Hansen incurred 4.9 hours in drafting the present motion for fees. (Sullivan Decl., at ¶ 10.)  Mr. Sullivan's fees thus

---

[1] Courts evaluating anti-SLAPP fee awards have noted that "it is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method." *Monteleone v. Goldberg*, 2025 U.S. Dist LEXIS 268999, at *11 (C.D. Cal. Dec. 16, 2025) (quoting *Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1324 (2014)); *see also Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 487 88 (2014).


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5850509.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

are $17,170.00 (20.2 hours x $850.00/hour), and Mr. Hansen's fees are $8,075.00 (17 hours x $475.00/hour), for a total of $25,245.00. (*Id.*, at ¶ 11.)

The hours here are far fewer than other cases in which courts in the Central District have awarded attorney's fees in the anti-SLAPP context. *See, e.g., Salveson v. Kessler*, 2023 U.S. Dist. LEXIS 235464, at *14 (awarding fees for 106.15 billable hours); *Woulfe v. Universal City Studios LLC*, 2024 U.S. Dist. LEXIS 47663, at *24 n.5 (C.D. Cal. Feb. 8, 2024) (collecting cases, noting awards compensating counsel for ranges between 90.1 hours and 384.28 hours to be reasonable).

Finally, the lodestar adjustment factors support the requested fee here. Jonasi achieved all of his litigation objectives sought by the anti-SLAPP motion against Plaintiff and reflected a high level of skill in doing so. That said, Jonasi does not seek to inflate his award, but simply to obtain a conservative calculation of the amount he is due under the law – a reasonable amount that reflects the expenses necessary to defeat Plaintiff's state law claims in the original Complaint.

**C. BECAUSE MESSRS. SULLIVAN AND HANSEN REPRESENTED JONASI ON A PARTIAL CONTINGENCY AND ARE WELL UNDER THE LODESTAR FOR RELEVANT SERVICES, THE FEE AWARD SHOULD BE ENHANCED BY A MULTIPLE OF 3**

After determining the lodestar, the Court may apply a multiplier to account for factors. See *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-1132 (2001). The California Supreme Court in *Ketchum v. Moses* held that a fee enhancement may be applied to account for factors such as the contingent nature of the fee arrangement, the risk of nonpayment, or the exceptional skill and quality of representation. However, the enhancement must be justified by specific findings, and the court must avoid double-counting factors already subsumed in the lodestar calculation, such as the attorney's skill or the complexity of the case. *Id.* The trial court has broad discretion in determining whether to apply a fee enhancement and in

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

14

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

setting the amount of the enhancement. Courts have emphasized that enhancements should be reserved for "rare" and "exceptional" cases where the lodestar amount alone would not adequately compensate the attorney for the risk or quality of representation provided. *Ketchum*, 24 Cal. 4th at 1131-1132.

This is one of those "rare" and "exceptional" cases for two separate reasons. First, Messrs. Sullivan's and Hansen's requested rates for this case are well below the lodestar market in which they practice. As set forth above, Messrs. Sullivan and Hansen have the skills and experience sufficient to justify charging $1,500 per hour and $900 per hour, respectively. Yet, Jonasi is only requesting $850 per hour for Mr. Sullivan and $475 for Mr. Hansen.

Second, as part of this representation, because of the availability of fees on the Anti-SLAPP arguments, Mr. Sullivan took this case on to defend Jonasi's First Amendment Rights and is not charging his any hourly rate for his time. Moreover, Mr. Hansen's rate was reduced to $250 per hour because of the importance of Jonasi's First Amendment Rights. This makes this a contingenct matter.

As stated by the California Supreme Court in *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 579 (2004):

> One of the most common fee enhancers, and one used by the trial court in the present case, is for contingency risk. We reaffirmed the propriety of a contingency risk enhancement in *Ketchum*: "The economic rationale for fee enhancement in contingency cases has been explained as follows: 'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.' (Posner, Economic Analysis of Law (4th ed. 1992) pp. 534,

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

567.) 'A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.' " (*Ketchum*, *supra*, 24 Cal.4th at pp. 1132–1133.)

Accordingly, given the below lodestar request and the contingent nature of the representation, Jonasi is requesting an enhancement of 3 times $25,245.00 for a total requested award of $75,735.00.

## V.    CONCLUSION

For the foregoing reasons, Jonasi requests an attorney's fee award of $75,735.00.

Dated:  July 13, 2026

By: _____
    BRYAN M. SULLIVAN
    (State Bar No. 209743)
    bsullivan@earlysullivan.com
    ZACHARY C. HANSEN
    (State Bar No. 325128)
    zhansen@earlysullivan.com
    EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
    6420 Wilshire Boulevard, 17th Fl.
    Los Angeles, California 90048
    Telephone: (323) 301-4660
    Facsimile: (323) 301-4676

    *Attorneys for Defendant*
    *Learnmore Mwanyenyeka*

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

## CERTIFICATE OF COMPLIANCE

## PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendant Learnmore Mwanyenyeka aka Learnmore Jonasi, hereby certifies that this brief contains 3,373 words, excluding those portions set forth in L.R. 11-6.1, which complies with the word limit of L.R. 11-6.1.

Dated:  July 13, 2026            By: _____
                                      ZACHARY C. HANSEN

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

## <u>CERTIFICATE OF SERVICE</u>

I, Robie Ann Atienza-Jones, hereby certify that on this 13th day of July, 2026, a copy of the foregoing **DEFENDANT LEARNMORE MWANYENYEKA'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH ANTI-SLAPP MOTION; MEMORANDUM OF POINTS AND AUTHORITIES** was served via email, on the following:

Michael A Younge
LAW OFFICE OF MICHAEL A. YOUNGE
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
Tel: (714) 299-7406
Fax: (714) 276-1443
*Email: youngelaw@aol.com*

*Attorneys for Plaintiff*
*Lebohang Morake*

          */s/ Robie Ann Atienza-Jones*
          Robie Ann Atienza-Jones
          An employee of EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**