Michael A Younge (SBN 170929)
LAW OFFICE OF MICHAEL A YOUNGE
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
Telephone (714) 299-7406
Facsimile (714) 276-1443
Email: youngelaw@aol.com

Attorney for Plaintiff
Lebohang Morake

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lebohang Morake,<br><br>                    Plaintiff,<br><br>vs.<br><br>Learnmore Mwanyenyeka,<br><br>          Defendant. | ) Case No.: 2:26-cv-02795<br>)<br>)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANT'S MOTION FOR**<br>) **ATTORNEY FEES PURSUANT**<br>) **TOCCP 425.16(C)(1);**<br>) **MEMORANDUM OF POINTS &**<br>) **AUTHORITIES**<br>)<br>) **Date: August 28, 2026**<br>) **Time: 10:30 AM**<br>) **Ctrm: 8A**<br>)<br>) District Judge: Hon. Josephine L. Staton<br>) Magistrate Judge: Hon. Alka Sagar |

1

# **TABLE OF CONTENTS**

Subject                                                                                    Page

MEMORANDUM OF POINTS AND AUTHORITIES.......................... 4

I.  INTRODUCTION ................................................................ 4

II.  PLAINTIFF'S STATEMENT OF FACTS AND DEFENDANT'S
PROCEDURAL DEFECTS.........................................................5

III.   PLAINTIFF'S DISMISSAL OF THE STATE LAW CLAIMS WAS NOT
VOLUNTARY, IT WAS JOINT............................................... 6

IV.   DEFENDANT DID NOT PREVAIL ON HIS ANTI-SLAPP MOTION
BECAUSE THERE WAS NEVER A HEARING ON THE MERITS........ 7

V.  PURSUANT TO THE STIPULATION AND ORDER THE
CASE IS MOOT................................................................. 10

VI.   THIS COURT DOES NOT HAVE SUBJECT MATTER
JU6RISDICTION................................................................ 12

VII.   DEFENDANT DID NOT HAVE ANY OUT-OF-POCKET
ATTORNEY FEES BECAUSE FUNDS WERE PAID BY GOFUNDME.. 15

VIII.   DEFENDANT'S APPLICATION OF A MULTIPLIER IS
NOT JUSTIFIED................................................................ 16

IX.   CONCLUSION.............................................................17

CERTIFICATE OF COMPLIANCE............................................. 20

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

Ajaxo Inc. v. E*Trade Financial Corp. (2010), 187 Cal.App.4th at p. 1305...............  16

Am. Humane Ass'n v. L.A. Times Commc'ns, 112 Cal. Rptr. 2d 488, 490 .................. 11

Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)................................. 12

Barry v. State Bar of Cal., 386 P.3d 788, 795 (Cal. 2017)..................................... 8

Catlin Ins. Co. v. Danko Meredith L. Firm, Inc.,288 Cal. Rptr. 3d 773, 777, ............. 8

Chafin v. Chafin, 568 U.S. 165, 172 (2013) ................................................11

City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) ...............................................11

Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) ..........................................11

Decker v. Nw. Envtl. Def. Ctr., 568 U.S. 597, 609 (2013)........................................11

Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).......................... 13

In re Bailleaux (1956) 47 Cal. 2d 258, 259..............................................  6

Karton v. Ari Design & Construction, Inc. (2021) 61 Cal.App.5th 734....................  16

Moore v. Liu, 81 Cal. Rptr. 2d 807, 811 (Ct. App. 1999)...................................... 9

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).............. 13

Plevin, 2011 WL 3240536, at 4 (quoting Coltrain, 66 Cal.App. 4th at 107)................. 7

Reintegrative Therapy Association  v Kinitz, 22-56009, June 3, 2026...................... 9


**Statutes**                                                                                            **Page**

15 U.S.C. § 1121(a) ......................................................................... 12

15 U.S.C. § 1125 ...................................................................... 5

28 U.S.C. §§ 1331, 1332, 1338(a) and (b) .............................................. 12

28 U.S.C. 1332...................................................................12,13,18

28 U.S.C. 1367. .................................................................................12

CCP 425.16 ........................................................ 4,5,7,8,10,14,15,18,19

FRCP 12(b)(1)................................................................12,14,15,18

FRCP 12(b)(6)............................................................................. 17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I  INTRODUCTION

Defendant's Motion for Attorney fees pursuant to California Code of Civil Procedure 425.16(c )(1) is procedurally defective because the court did not rule on Defendant's Motion to Strike.  Defendant is not entitled to attorney fees under this statute because the court does not have jurisdiction to hear the matter because Plaintiff and Defendant are not diverse citizens. They are both citizens of California.

Pursuant to a Stipulation and Order, the motion to strike was rendered moot and there is no controversy for the court to adjudicate. Additionally, the court did not rule on the motion to strike because the defendant abandoned the hearing set for June 26, 2026. This court cannot award attorney fees because there was no ruling on the motion to strike which is a predicate to the award of attorney fees.

Defendant received about $28,240 from GOFUNDME specifically for payment of his attorney fees. CCP 425.16(c)(1) authorizes the recovery of attorney fees. Since Defendant did not spend any of his own funds, he cannot "recover". The court should use its discretion to deny attorney fees because any award will be a windfall. No party achieved any of its goals because both parties stipulated to the dismissal of the State law claims and also stipulated to the dismissal of the case.

4

Finally, any award of attorney fees would be a windfall, and defendant would be unjustly enriched. Such payment is prohibited.

## II  PLAINTIFF'S STATEMENT OF FACTS AND DEFENDANT'S PROCEDURAL DEFECTS

It is factual that Plaintiff filed his original Complaint on March 16, 2026, asserting causes of action for (1) misleading representation in violation of the Lanham Act, 15 U.S.C. § 1125; (2) defamation per se; (3) trade libel; and (4) tortious interference with prospective economic advantage. Dkt. No. 1 [Complaint].

It is also factual that on May 5, 2026, Jonasi filed a Motion to Strike under Section 425.16 of the California Code of Civil Procedure (anti-SLAPP motion) and a Rule 12(b)(6) motion to dismiss. Then, pursuant to a stipulation by the parties, Plaintiff filed a First Amended Complaint ("FAC") on June 8, 2026, in which he dropped all state law claims. Dkt. No. 18 [FAC]. It would appear that pursuant to the Stipulation, Dkt. No. 16, that the Defendant agreed that the State Law claims would be dismissed, because it is inherent in the Stipulation that the pending motion to strike has been rendered moot.

Most importantly #3 of the Stipulation states "Defendant's pending Motions to Dismiss and Strike shall remain on calendar until such time as Defendant has reviewed the First Amended Complaint and will determine at that

time whether the pending motions have been rendered moot." Defendant's motion was calendared for June 26, 2026, but the defendant did not pursue the motion and there was no ruling on the merits of the motion. By operation of law, the issue of Motion to Strike was rendered moot. The court has not designated the prevailing party. It would appear that defendant's motion is procedurally defective and the case is now closed because the case is moot. Further, there was no request for attorney fees in the motions filed by the defendant.

## III    PLAINTIFF'S DISMISSAL OF THE STATE LAW CLAIMS WAS NOT VOLUNTARY, IT WAS JOINT

The dismissal of the State Law Causes of Action was a joint dismissal pursuant to the stipulation of the parties. Defendant by entering into this stipulation agreed to the dismissal of the state claims because there was no provision that precluded dismissal nor did it determine the prevailing party.

When a proposed stipulation is accepted by the other side, such stipulation becomes binding upon the court so long as it is not illegal or contrary to public policy, In re Bailleaux (1956) 47 Cal. 2d 258, 259. Defendant cannot agree to the dismissal of the state law claims and is now trying to be unjustly enriched with a claim for attorney fees because the Motion to Strike did not include a request for attorney fees. This is contrary to public policy. No controversy exists because the stipulation rendered the Motion to Strike as moot.

In exercising its discretion on whether to deem a defendant the prevailing party, courts must consider the "critical issue" of which party realized its objectives in the litigation, Plevin, 2011 WL 3240536, at 4 (quoting Coltrain, 66 Cal.App. 4th at 107).

No objective was achieved by either party because there was a joint stipulation to dismiss the State Law claims. No party achieved any of its goals because both parties stipulated to the dismissal of the State law claims and also stipulated to the dismissal of the case.

## IV.   DEFENDANT DID NOT PREVAIL ON HIS ANTI-SLAPP MOTION BECAUSE THERE WAS NEVER A HEARING ON THE MERITS

No party achieved any of its goals because both parties stipulated to the dismissal of the State law claims and also stipulated to the dismissal of the case, there was no prevailing party.

The law in California mandates that pursuant to a dismissal of a Motion to Strike, CCP 425.16, the defendant can only obtain attorney fees when the court rules on the merits. The dismissal of state law claims does not entitle defendant to seek attorney fees because there has not been a determination on the merits which is a necessary predicate. Additionally, the Motion to Strike per the stipulation and order has been rendered moot. No more controversy exists.

The statute provides that defendants who prevail on their "special motion to strike shall be entitled to recover [their] attorney's fees and costs."Id. § 425.16(c)(1).  Provided that a timely fees motion is filed, a ruling on the merits of a defendant's special motion to strike is a necessary predicate to a fee award under § 425.16(c)(1), Catlin Ins. Co. v. Danko Meredith L. Firm, Inc.,288 Cal. Rptr. 3d 773, 777, 782 n.5 (Ct. App. 2022).

To effectuate the remedial purpose of the statute, the Supreme Court of California has held that a court that lacks "jurisdiction over a plaintiff's claims has the power to resolve an anti-SLAPP motion on jurisdictional grounds" and "the power to award attorney's fees to the defendant that prevails on such a motion." Barry v. State Bar of Cal., 386 P.3d 788, 795 (Cal. 2017). This is clearly a directive by the Supreme Court of California to its lower courts, not to a Federal Court. Since by order the case is moot, no controversy exists and therefore no jurisdiction.

The defendant's Motion to Strike has been rendered moot pursuant the stipulation and order, which is a cessation of controversy. Since both parties agreed to a cessation of controversy, the court has no authority to adjudicate any further actions.

Similarly, "[u]pon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, 'except for the limited purpose of awarding costs and statutory attorney fees." Catlin, 288 Cal. Rptr. 3dat

781 (quoting L. Offs. of Andrew L. Ellis v. Yang, 100 Cal. Rptr. 3d 771, 876 (Ct. App. 2009)). But this was not a voluntary dismissal, this was joint dismissal that has been rendered moot. Moot under the law is no further controversy exists.

Where the matter is an alleged anti-SLAPP suit with a "pending request for fees," the trial court retains jurisdiction to "rule on the merits of an anti-SLAPP motion . . . as a predicate to an award of fees. Id. at 782 &n.5; see also Moore v. Liu, 81 Cal. Rptr. 2d 807, 811 (Ct. App. 1999). Unfortunately for the defendant, there was no request for attorney fees in his pending motion filed with this court on May 5, 2026, Dkt. No. 13.

Additionally, this court did not dismiss defendant's Motion to Strike, it was the defendant that abandoned his motion. Not only was there an abandonment of the Motion to Strike, the issue of the motion to strike was rendered moot pursuant to the stipulation and order. Per the stipulation and order, this was a joint stipulation that rendered all issues related to the State Law claims moot, including a request for attorney fees.

The 9th Circuit held in Reintegrative Therapy Association v Kinitz, 22-56009, June 3, 2026,  that the Appellants were entitled to a ruling on their anti-SLAPP motions because Appellants' motions included a request to "obtain an award of fees and costs for bringing the motion." See Am. Humane Ass'n v. L.A. Times Commc'ns, 112 Cal. Rptr. 2d 488, 490 (Ct. App. 2001).

Here, defendant's Motion to Strike did not include a request for attorney fees, therefore he is not entitled to a ruling on his anti-SLAPP motion. Further, defendant removed the ability of the court to rule on his Motion to Strike by the stipulation that rendered the motion as mute and also, defendant failed to pursue a hearing on his Motion to Strike. There is no prevailing party.

Defendant's Motion in the present case remained on Calendar for June 26, 2026, but defendant did not seek a ruling on his motion to strike. By failing to have the motion heard, defendant conceded his opportunity to seek attorney fees because there was no request for attorney fees or costs in the motion.

Plaintiff contends that this trial court did not retain nor does it have jurisdiction to award attorney fees on defendant's CCP 425.16 Motion to Strike because Defendants stipulated to the dismissal of his Motion to Strike and abandoned his rights to a ruling on the merits. Also, in accordance with the stipulation and order, the motion to strike was rendered moot.

**V. PURSUANT TO THE STIPULATION AND ORDER THE CASE IS MOOT**

Paragraph 3 of the Stipulation states "Defendant's pending Motions to Dismiss and Strike shall remain on calendar until such time as Defendant has reviewed the First Amended Complaint and will determine at that time whether the pending motions have been rendered moot."

Defendants did not pursue his hearing on the merits of the motion set for 06/26/2026 and pursuant to the stipulation the pending motions were rendered moot. That is, no more controversy.

Under current law, "a case is moot when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486 , 498 (1969)). See also, e.g., Chafin v. Chafin, 568 U.S. 165, 172 (2013); City of Erie v. Pap's A.M.,  529 U.S. 277, 287 (2000)

"[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."  See also, e.g., Decker v. Nw. Envtl. Def. Ctr., 568 U.S. 597, 609 (2013) ( "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed."

The parties, by their own stipulation and order, rendered the motion to strike as moot. Defendant took no further action and the issues presented are no longer live. By not seeking a hearing on the merits on the date set for the motion, defendant conceded that there was no cognizable interest in the outcome.

The concept of mootness isn't a modern invention; its roots are deeply embedded in the very structure of the U.S. government and the principles inherited from English common law. The central idea is that the role of the judiciary is to

resolve actual disputes, not to act as a board of advisors. The primary source for the mootness doctrine in federal law is Article III of the U.S. Constitution. This article limits the power of federal courts to hearing only "Cases" and "Controversies." Because the Motion to Strike was rendered moot by stipulation and order, and there was no request for attorney fees in the Motion to Strike, there remains no controversy. There are no actual disputes for the court to rule on. The issue is moot by stipulation and order.

## VI.   THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

Regarding the State Law claims, this case was filed as a diversity matter pursuant to 28 U.S.C. 1332. As stated in ¶2 of the Complaint "This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b)." There was no request by the Plaintiff for the court to invoke supplemental jurisdiction pursuant to 28 U.S.C. 1367.

Plaintiff is asserting the affirmative defense to the motion for lack of Subject Matter Jurisdiction pursuant to FRCP 12(b)(1). Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial challenge, which contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

Plaintiff upon the filing of the Complaint erroneously concluded that the defendant was a citizen of Pennsylvania. Plaintiff is a citizen of California and based on the defendant's request for funding at GOFUNDME, he also stated that he is from Los Angeles, See Exhibit A. Diversity Jurisdiction is based derived from 28 U.S.C. § 1332 that states in part "Civil actions where the parties are citizens of different states (or a U.S. citizen and a citizen of a foreign country) and the amount in controversy exceeds $75,000."

It is expected that the Defendant will submit a declaration stating that he is not a resident of California which means he is lying to the court or he is lying to GOFUNDME. The case against the Defendant was filed here in Los Angeles, and he stated in his GOFUNDME appeal for funds that he resides in Los Angeles. If this was a ploy by the Defendant to obtain sympathy and support, then the court should acknowledge defendant as a resident of Los Angeles. Defendant cannot

have it both ways, he cannot be a resident of another state and make claims he resides in Los Angeles to obtain funds for his defense. This is clearly a showing of unclean hands.

Defendant and his lawyers knew that he resided in Los Angeles and should have filed for dismissal of the state claims due to lack of complete diversity, instead, defendant proceeded with a Motion to Strike pursuant to CCP 415.16 which was an opportunity to request attorney fees. This is bad faith and lacks civility.

Given that the parties are citizens of the same state, this court lacks Subject Matter Jurisdiction and defendant's motion for attorney fees should be dismissed or denied. Also, this court does not have authority to rule on defendant's Motion to Strike due to the lack of Subject Matter Jurisdiction.

Defendant and his lawyers were aware that Defendant is a citizen of California and should have brought a motion to dismiss for lack of Subject Matter jurisdiction but Defendant chose to bring his CCP 425.16 motion in bad faith.

Federal Rules of Civil Procedure, Rule 12(b)(1), allows a party to file a motion to dismiss a case for "lack of subject-matter jurisdiction." Because the "Case or Controversy" requirement is a limit on a court's fundamental power, or jurisdiction, a case becoming moot means the court loses its jurisdiction. Pursuant

to 12(b)(1) this motion must be thrown out for lack of jurisdiction and because the case is moot pursuant to the Stipulation and Order.

## VII  DEFENDANT DID NOT HAVE ANY OUT-OF-POCKET ATTORNEY FEES BECAUSE FUNDS WERE PAID BY GOFUNDME

California Code of Civil Procedure 425.16(c)(1) *states "Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled **to recover** that defendant's attorney's fees and costs.   If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.."*

Defendant, by his own request, collected $28,240 from GOFUNDME, see Exhibit A. Defendant's attorney fees without the multiplier are $25,345, which is more than defendant received from GOFUNDME. The critical provision in the statute is that defendant was entitled "to recover", since defendant did not pay out of pocket for attorney fees, he cannot recover. Any additional funds awarded to defendant would be an unjust enrichment.

The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account

therefor, Ajaxo Inc. v. E*Trade Financial Corp. (2010), 187 Cal.App.4th at p. 1305. Defendant would receive a profit that is unjust, unfair and unlawful.

Using a multiplier of 3 does not satisfy the statute's intent to recover, this would yield a profit to the defendant and his lawyers that is unjust.

## VIII   DEFENDANT'S APPLICATION OF A MULTIPLIER IS NOT JUSTIFIED

The "lodestar" method is commonly used by judges and arbitrators to determine attorney fees for a prevailing party. The lodestar is calculated by multiplying the reasonable number of hours by a reasonable hourly rate. However, may the court consider lack of civility as a reason to reduce an attorney fee request? The answer is "yes," according to Karton v. Ari Design & Construction, Inc. (2021) 61 Cal.App.5th 734.  Plaintiff contends that the defendant and his counsel lack civility by failing to file a 12(b)(1) motion to dismiss and instead applied California 425.16 Motion to Strike in order to collect attorney fees.

Within the Central District of California, Multipliers are rare and only in exceptional circumstances. In the event the court is considering a grant of attorney fees, Plaintiff contends that the multiplier of 3 requested by the Defendant is unjustified and the amount of hours claimed are unreasonable.

Defendant's statements are very misleading as to whether this is a contingency fee arrangement, more than likely, this is being repeated to enhance a

16

Lodestar award. It is difficult to fathom what a contingency fee agreement would have yielded given the fact that the Defendant did not file a Cross-Complaint.

The Complaint was filed on March 16, 2026. Defendant sent his meet and confer letter on or about April 2, 2026. The Motion to Strike was filed on May 7, 2026, which was less than two months after the filing of the Complaint. This Motion to Strike was part and parcel of a Motion to Dismiss pursuant to FRCP 12(b)(6).

Plaintiff contends that the quantum of time spent on the Motion to Strike and Motion for Attorney fees is less than 15 hours and there is no enhanced degree of complexity warranted for the implementation of a multiplier in this case.

The presumptively reasonable fee would be Mr. Hansen's hourly rate of $475 / hour times 15 hours resulting in an award of $7,125 because it does not appear that Sullivan spent any time on this case.

Defendant's argument for an enhanced fee fails because the case was not particularly difficult or risky, and there was no exceptional result because per stipulation, the parties dismissed the California Causes of Action as moot.

## IX. CONCLUSION

Per Stipulation and Court Order, the issues of the Motion to Strike to include attorney fees are moot. Res judicata prevents Defendant from relitigating the issues of attorney fees due to mootness. Plaintiff contends that the plaintiff and

defendant are not diverse citizens and this court does not have Subject Matter Jurisdiction as to the California Causes of Action. If a declaration is filed by the defendant claiming otherwise, then this is either a fraud on the court or a fraud on the public (GOFUNDME). The case was brought under diversity of citizenship as to the California Causes of Action pursuant to 28 USC 1332, not, 28 USC 1367.

Defendant's Motion for Attorney fees if sustainable, is procedurally defective, because there was no ruling on the merits. Defendant's motion for attorney fees has failed to establish two predicates, the first being a request for attorney fees in his Motion to Strike and second, there was no ruling on the motion which would have determined the prevailing party.

Another blow for defendant is that the court does not have Subject Matter Jurisdiction which forecloses a merits hearing. Defendant and his counsel were aware that defendant is a citizen of California and there was no diversity of citizenship at the onset.

Defendant could have filed Motions to Dismiss under 12(b)(1) and 12(b)(6) but chose CCP 425.16 Motion to Strike because of the financial incentives that were brought in bad faith. Defendant has employed a circumvention of the rule of law by purposely filing a Motion to Strike under CCP 425.16 with the full knowledge that the court did not have jurisdiction and is now requesting this same court to award attorney fees.

An examination of Defendant's Motion to Strike pursuant to CCP 425.16, defendant has failed to request attorney fees and is therefore not entitled to an award of attorney fees

Defendant entered into a stipulation with Plaintiff to amend the Complaint which inherently included a dismissal of the California Claims as moot for which Defendant is now trying to gain an unfair advantage and be unjustly enriched. Moot means no more controversy.

Defendant's fees were funded by GOFUNDME and there is no out of pocket expenses incurred by the defendant and the statute's purpose is for the recovery of attorney fees. Collecting funds from GOFUNDME and requesting attorney fees is an act of incivility tantamount to unjust enrichment. In other words, the defendant wants to profit by this filing.

If there is any award of attorney fees, that amount should not exceed $7,000, because there is no justification for a multiplier.

Dated: August 6, 2026

Michael A Younge, Attorney for Plaintiff

# CERTIFICATE OF COMPLIANCE

## PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Plaintiff, Lebohang Morake, hereby certifies that this opposition brief contains 3675 words, excluding those portions set forth in L.R. 11-6.1, which complies with the word limit of L.R. 11-6.1.

Dated: August 6, 2026

*Michael A Younge*

Michael A Younge, Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Michael A Younge, hereby certify that on this 6th day of August 2026, a copy of the foregoing **PLAINTIFF LEBOHANG MORAKE'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES** was served via email, on the following:

Brian M Sullivan, Esq.
Zachary Hansen, Esq.
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90028
Email: zhansen@earlysullivan.com
bsullivan@earlysullivan.com


Attorneys for Defendant
Learnmore Mwanyenyeka

Dated: August 6, 2026
*/s/Michael A Younge*
Michael A Younge, Attorney for Plaintiff