Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Defendant
LEARNMORE MWANYENYEKA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBOHANG MORAKE, an individual, | Case No. 2:26-cv-02795-JLS-AS |
| Plaintiff, | **DEFENDANT LEARNMORE MWANYENYEKA'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH ANTI-SLAPP MOTION** |
| vs. | |
| LEARNMORE MWANYENYEKA, an individual, | |
| Defendant. | *[Filed concurrently with Declaration of Zachary C. Hansen]* |
| | Date:  August 28, 2026<br>Time: 10:30 a.m.<br>Ctrm.: 8A |
| | District Judge: Hon. Josephine L. Staton<br>Magistrate Judge: Hon. Alka Sagar |

5856528.1

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 5

    A.  THE RECORD IS CLEAR THAT PLAINTIFF VOLUNTARILY DISMISSED ALL STATE LAW CLAIMS AND JONASI IS ENTITLED TO PREVAILING PARTY STATUS UNDER CALIFORNIA'S ANTI-SLAPP STATUTE ........................................... 5

    B.  THE ISSUE OF JONAI'S ENTITLEMENT TO ATTORNEY'S FEES UNDER SECTION 425.16(C) IS NOT MOOT .......................... 7

    C.  JONASI IS ENTITLED TO MANDATORY FEES AS A MATTER OF LAW ..................................................................... 10

    D.  THE COURT DOES HAVE SUBJECT MATTER JURISDICTION OVER THIS ISSUE ...................................... 10

    E.  THE GOFUNDME FUNDS ARE IRRELEVANT TO A DETERMINATION OF JONASI'S ENTITLEMENT TO FEES ....... 12

    F.  JONASI'S CLAIMED FEES AND MULTIPLIER ARE REASONABLE .................................................................... 14

III.  CONCLUSION ...................................................................................................... 16

CERTIFICATE OF COMPLIANCE ........................................................................... 17


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

# TABLE OF AUTHORITIES

**Page**

## Cases

*Art of Living Found. v. Doe*,
 2012 U.S. Dist. LEXIS 61582 (N.D. Cal. May 1, 2012) ..........................................7

*Cabral v. Martins*,
 177 Cal.App.4th 471, 490 (2009) ...........................................................................10

*Catlin Ins. Co. v. Danko Meredith L. Firm, Inc.*,
 73 Cal.App.5th 764 (2022)...........................................................................8, 9, 10

*Coltrain v. Shewalter*,
 66 Cal. App. 4th 94, 107 (1998)............................................................................6, 7

*Gottesman v. Santana*,
 2017 U.S. Dist. LEXIS 190828 (S.D. Cal. Nov. 17, 2017)....................................13

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853, 857 (9th Cir. 2001) .........................................................................12

*Kearney v. Foley & Lardner*,
 553 F.Supp.2d 1178 (S.D. Cal. 2008) ...................................................................10

*Ketchum v. Moses*,
 24 Cal.4th 1122, 1131 (2001).................................................................................10

*Kyle v. Carmon*,
 71 Cal.App.4th 901, 908, n. 4-5 (1999)..................................................................8

*Law Offices of Andrew L. Ellis v. Yang*,
 178 Cal.App.4th 869, 879 (2009) ...........................................................................8

*Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital*,
 87 F.3d 44, 47 (2nd Cir. 1996)...............................................................................12

*Liu v. Moore*,
 69 Cal.App.4th 745, 750 (1999)....................................................................6, 7, 13

*Macias v. Hartwell*,
 55 Cal.App.4th 669, 675-676 (1997)................................................................12, 13

*Mann v. Quality Old Time Service, Inc.*,
 139 Cal.App.4th 328 (2006) ...................................................................................10

*Moore v. Permanente Medical Group*,
 981 F.2d 443, 445 (9th Cir. 1992)...........................................................................11

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
 4 Cal.5th 637, 639-40 (2018)....................................................................................8

*Plevin v. City & County of San Francisco*,
  2013 U.S. Dist. LEXIS 70133 (N.D. Cal. May 16, 2013) ........................................ 7

*Ramona Unified School Dist. v. Tsiknas*,
  135 Cal.App.4th 510 (2005) .................................................................... 13

*Rosenaur v. Scherer*,
  88 Cal.App.4th 260, 285 (2001) .................................................................. 13

**Statutes**

28 U.S.C. § 1331 ........................................................................................ 11

28 U.S.C. § 1332 ........................................................................................ 12

28 U.S.C. § 1367 ........................................................................................ 11

Cal Code Civ Proc § 425.16(c) ................................................... 5, 7, 8, 9, 10, 12

**Federal Statutes**

F.R.C.P. 11 .............................................................................................. 12

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5856528.1                                      4

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP
MOTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Lebohang Morake ("Plaintiff") initiated this case with a frivolous, legally unsupported SLAPP pleading and now he has filed an equally frivolous, legally unsupported opposition ("Opposition") to Defendant Learnmore Mwanyenyeka's (aka Learnmore Jonasi) ("Jonasi") statutorily-authorized Attorney's Fees Motion pursuant to Cal. Code Civ. Proc., 425.16(c). In doing so, Plaintiff's meandering, and often perplexing, arguments misapply inapposite legal concepts, assert unmeritorious claims without any legal support, outright misrepresent the facts of this case, and make unfounded, serious allegations against Defendant and his attorneys without any basis in reality. In summation, at no point in Plaintiff's Opposition is a valid argument presented and the Court should grant Jonasi's section 425.16(c) Attorney's Fee Motion (the "Fee Motion") in full and consider a further multiplier of the requested fees for the reasons stated herein.

### II. ARGUMENT

#### A. THE RECORD IS CLEAR THAT PLAINTIFF VOLUNTARILY DISMISSED ALL STATE LAW CLAIMS AND JONASI IS ENTITLED TO PREVAILING PARTY STATUS UNDER CALIFORNIA'S ANTI-SLAPP STATUTE

Plaintiff's assertion that the dismissal of the state claims by Plaintiff following Jonasi's filing of the anti-SLAPP motion was pursuant to stipulation is an outright misrepresentation to the Court. The document that Plaintiff references for this claim was filed on May 26, 2026 and was simply a stipulation ("May 26 Stipulation") to extend the time for Plaintiff to file his First Amended Complaint ("FAC") in the face of a change of counsel for Plaintiff (ECF No. 11), not to dismiss any claims as Plaintiff asserts.[1] See ECF No. 16. That May 26 Stipulation does not mention any dismissal

---

[1] In his opposition, Plaintiff asserts that Jonasi's counsel engaged in bad faith and a

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

of any claims by Plaintiff, nor did Defendant at any time stipulate to such a dismissal of those state law claims. *Id.* It merely reserved Jonasi's right to determine if the anti-SLAPP motion was rendered moot by the forthcoming FAC having removed all state law claims. *Id*. at ¶3. The fact that Plaintiff brazenly asserts this obviously false reading of the May 26 Stipulation is astoundingly disingenuous.

The reality as proven by the Court's own record is that Plaintiff dropped all state law claims from the original Complaint in the FAC in the face of Jonasi's anti-SLAPP motion. See ECF Nos. 1, 13, 16, and 18. Any assertion to the contrary is simply not true.

Nevertheless, even if the parties had stipulated to such a dismissal (they did not) that would not change the result of such a dismissal, which is a statutorily authorized mandatory entitlement to attorney's fees. In California, courts consistently hold that a voluntary dismissal of the SLAPP claims does not defeat a defendant's right to recover fees. See *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998) (the policies behind the anti-SLAPP statute do not support plaintiff's argument that voluntary dismissal should preclude an award of attorney's fees). If that were the case, plaintiffs could nullify the anti-SLAPP statute simply by volunatrily abandoning the SLAPP claims by amending their pleadings after a motion is filed, leaving the defendant to bear the burden of the fees incurred to make such a meritorious challenge to a meritless pleading. See *Liu v. Moore*, 69 Cal.App.4th 745, 750 (1999) ("The purpose of section 425.16 is clearly to give relief, including financial relief in the form of attorney's fees and costs, to persons who have been victimized by meritless, retaliatory SLAPP lawsuits because of their participation in matters of public significance") (quotation omitted).)

---

lack of civility, but Jonasi's counsel always gave professional courtesies as exemplified by the stipulations in this case and the cooperation in the face of multiple changes of counsel for Plaintiff.

5856528.1

6

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

Further, under controlling Ninth Ciruit and California authority, the key inquiry is whether the defendant achieved his litigation objective and obtained a practical benefit, which Plaintiff's wholesale abandonment of those claims accomplished exactly that result.  See *Coltrain*, 66 Cal. App. 4th at 107; see also *Art of Living Found. v. Doe*, 2012 U.S. Dist. LEXIS 61582 (N.D. Cal. May 1, 2012) (holding amending a complaint to remove claims subject to an anti-SLAPP motion is tantamount to a voluntary dismissal and does not preclude an award of fees); *Plevin v. City & County of San Francisco*, 2013 U.S. Dist. LEXIS 70133 (N.D. Cal. May 16, 2013) (fee request permitted following the amended complaint that mooted the motion, because plaintiff's omission of claims constituted a voluntary abandonment); *Liu*, 69 Cal. App. 4th at 750-51 (plaintiff cannot avoid liability for attorney's fees by voluntarily dismissing claims targeted by an anti-SLAPP motion).  Here, there is no dispute that Jonasi achieved all of his litigation goals with the anti-SLAPP motion—the complete dismissal of all state law claims to which the anti-SLAPP motion was directed.

**B.     THE ISSUE OF JONAI'S ENTITLEMENT TO ATTORNEY'S FEES UNDER SECTION 425.16(C) IS NOT MOOT**

Plaintiff's argument that the May 26 Stipulation and Order from the Court finding the anti-SLAPP motion moot (ECF No. 19) renders Jonasi's Fee Motion moot relies on inapposite legal principles and a distortion of the facts.  As previously discussed, the May 26 Stipulation's sole purpose was to permit Plaintiff additional time to file his FAC following a change of counsel for Plaintiff (ECF No. 11) and does not represent any retreat by Jonasi on any of his anti-SLAPP arguments.  The May 26 Stipulation merely included a reservation of rights by Jonasi to make a determination once the FAC was filed as to whether the anti-SLAPP motion was rendered moot due to Plaintiff realizing the meritorious nature of the anti-SLAPP arguments and thus voluntarily abandoning all such state law claims.  This is because under California law, the deadline to file an anti-SLAPP motion is calculated based on the date the first pleading was filed which contained the claims subject to the anti-

SLAPP motion regardless of whether an amended pleading is filed containing the same such claims. See *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5th 637, 639-40 (2018) (holding that "subject to the trial court's discretion under section 425.16, subdivision (f), to permit late filing, a defendant must move to strike a cause of action within 60 days of service of the earliest complaint that contains that cause of action.")

The May 26 Stipulation allowed Plaintiff until June 8, 2026 to file the FAC. See ECF No. 16. Plaintiff's initial complaint was filed on March 16, 2026. See ECF No. 1. Therefore, if Plaintiff had decided to include those same state law claims in the FAC, Jonasi's 60-day deadline to file an anti-SLAPP motion would have lapsed before Plaintiff's amended complaint was due to be filed. That is why Paragraph 3 was included in the May 26 Stipulation.

Then the Court acted *sua sponte* in removing the hearing for Jonasi's anti-SLAPP motion from the calendar because Plaintiff's voluntary abandonment of all state law claims in the FAC rendered the anti-SLAPP motion moot and resulted in Jonasi achieving a complete victory on all of his anti-SLAPP arguments. In no way does the May 26 Stipulation or the Order of the Court removing the anti-SLAPP motion from the calendar moot Jonasi's statutory right to seek his anti-SLAPP attorney's fees. "[W]hen [a] plaintiff dismissed its case at a time when defendants' anti-SLAPP motion was pending, the trial court continued to have jurisdiction over the case only for the limited purpose of ruling on defendants' motion for attorney fees and costs." *Law Offices of Andrew L. Ellis v. Yang*, 178 Cal.App.4th 869, 879 (2009) (citing *Kyle v. Carmon*, 71 Cal.App.4th 901, 908, n. 4-5 (1999)).

Plaintiff relies on *Catlin Ins. Co. v. Danko Meredith L. Firm, Inc.*, 73 Cal.App.5th 764 (2022) for the premise that Jonasi cannot proceed with a fee motion under section 425.16(c) as a prevailing party because the anti-SLAPP motion was mooted thus there was no ruling on the merits of the anti-SLAPP motion. However, that is not the holding of *Catlin*. In the *Catlin* case, the defendant filed an anti-SLAPP

8

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

motion and therein included a request for attorney's fees. *Id*. The plaintiff then dismissed the case before the trial court could rule on the anti-SLAPP motion, thereby mooting the anti-SLAPP motion and the fee request included therein. *Id*. The trial court then instructed the defendant to file a separate fee motion that sought to determine its prevailing party status, but the defendant failed to do so and instead insisted on appeal that it did timely seek fees in the initial anti-SLAPP motion. *Id*. On appeal, the Court found that the dismissal of the case did not moot the fee request, but rather that dismissal rendered the fee issue unripe because the defendant was seeking an advisory opinion on it's entitlement to fees in it's initial anti-SLAPP motion. *Id*. at 774. "At that point, although the issue of attorney fees was nonjusticiable for lack of ripeness, [the trial court judge] still had jurisdiction to rule on a postdismissal motion for fees." *Id*. at 783. Nevertheless, the defendant failed to timely file such a postdismissal motion for fees and thus the defendant waived any claim to a fee award. *Id*. at 784.

Here, Jonasi's right to seek anti-SLAPP attorney's fees post-dissmissal was expressly preserved in the July 10, 2026 Stipulation to Dismiss the Case (ECF No. 24):

> The dismissal shall be effective immediately upon entry of the Order, however such dismissal shall in no way waive or otherwise impact Defendant Learnmore Mwanyenyeka's right to file an attorneys' fee motion under California Code of Civil Procedure § 425.16(c) following such dismissal.

*Id*. at pg. 2, lines 4-10. As such, as opposed to the procedural posture in *Catlin* which involved a defendant who failed to ever file a postdismissal fee motion in a timely manner, Jonasi expressly reserved that right as a condition of the dismissal and then subsequently filed a timely fee motion seeking for the Court to determine that he achieved prevailing party status and thus a determination supporting a right to fees after dismissal. See ECF No. 26, at section III.

///

///

///



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5856528.1

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

Accordingly, Plaintiff's argument in this regard is without merit because it misapplies the ruling in *Catlin*, and likewise his reliance upon U.S. Supreme Court precedent outlining when a case is moot is a red-herring that is inapposite to the issues presented here.

### C. JONASI IS ENTITLED TO MANDATORY FEES AS A MATTER OF LAW

Plaintiff claims that because Jonasi did not include an express request for attorney's fees in his anti-SLAPP motion he waived his right to seek them now. This argument fails for the reasons set forth in Section B and because it is contrary to law.

Under California's anti-SLAPP statute, a prevailing defendant is entitled to reasonable attorney's fees as a matter of right, and the fee provision is applied in federal court. See Cal Code Civ Proc § 425.16(c) (a prevailing defendant on a special motion to strike "shall be entitled to recover that defendant's attorney's fees and costs"); *Kearney v. Foley & Lardner*, 553 F.Supp.2d 1178 (S.D. Cal. 2008). The statutory language is mandatory, requiring a reasonable fee award to any defendant who brings a successful motion to strike. *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328 (2006). In this regard, the California Supreme Court declared long ago that "any SLAPP defendant who brings a successful motion to strike is *entitled* to *mandatory* attorney fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001) (emphasis added); see also *Cabral v. Martins*, 177 Cal.App.4th 471, 490 (2009) ("The language of the anti-SLAPP statute is mandatory; it requires a fee award to a defendant who brings a successful motion to strike.") There is no requirement that the request be included in the anti-SLAPP Motion. *See id.*

### D. THE COURT DOES HAVE SUBJECT MATTER JURISDICTION OVER THIS ISSUE

Plaintiff claims this Court does not have subject matter jurisdiction to hear Jonasi's Fee Motion because he argues that the Parties are not diverse citizens based solely on a GOFUNDME page. This argument is without merit for two reasons.

10

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

First, diversity jurisdiction is irrelevant because the Court has original subject matter jurisdiction over the federal questions under 28 U.S.C. § 1331, as alleged by Plaintiff as a basis for jurisdiction in this Court in the original Complaint (see ECF No. 1, at ¶ 2) and FAC (ECF No. 18, at ¶3).  Given the federal question, a federal court has independent supplemental jurisdiction to hear the state law claims that arise from a common nucleus of fact.  28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *Moore v. Permanente Medical Group*, 981 F.2d 443, 445 (9th Cir. 1992).  This necessarily includes the power to hear an anti-SLAPP challenge to those state law claims and the subsequent anti-SLAPP fee motion.  See *id*.

Second, even if diversity jurisdiction was at issue here, Plaintiff has no evidence of Jonasi's residency.  Plaintiff's reliance on a GOFUNDME page[2] stating the organizer is from Los Angeles to establish a party's residency is not determinative of that fact. This argument is dubious because the GOFUNDME page at issue does not say Jonasi is a citizen of California or that he is from Los Angeles as Plaintiff falsely claims, but instead just lists Los Angeles under his "Organizer" profile near the bottom of the page.[3]  That is not sufficient evidence of Jonasi's citizenship.

---

[2]   The GOFUNDME page is located at the following link: https://www.gofundme.com/f/help-learnmore-fight-an-unjust-lawsuit

[3] For Plaintiff to make the egregious and factually-unsupported allegation that Jonasi and/or his attorneys would be lying to the Court if they claimed that he was not a citizen of California, and thereby committing a sanctionable offense in violation of Jonasi's attorney's ethical obligations to the Court, is a serious allegation of misconduct.  The fact that Plaintiff has no evidence of Jonasi's residency and the fact that neither Jonasi nor his counsel ever had to make representations of Jonasi's residency to the Court given the federal question jurisdiction, makes Plaintiff's allegations absurd, outrageous and shameful, especially where Plaintiff twice alleged Jonasi was a citizen of Pittsburgh, Pennsylvania.


EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

11

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

*See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency…The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Citation omitted]. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."); *Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital*, 87 F.3d 44, 47 (2nd Cir. 1996) (It is firmly established that a statement of a party's residence is insufficient to establish citizenship).

Accordingly, Plaintiff's jurisdictional argument is also contradicted by long-standing law and is without merit.

## E.    THE GOFUNDME FUNDS ARE IRRELEVANT TO A DETERMINATION OF JONASI'S ENTITLEMENT TO FEES

Next, Plaintiff makes the curious and equally unsupported argument that because Jonasi raised $28,240 from GOFUNDME for litigation fees related to this lawsuit he cannot now recover attorney's fees from Plaintiff. This argument is frivolous[4].

The fact that a third-party funded or paid for a defendant's representation does not affect their entitlement to mandatory anti-SLAPP fees under section 425.16(c), nor does it diminish the fee recovery.  Under California law, a prevailing defendant is entitled to recover attorney's fees under the anti-SLAPP statute even if those fees were actually paid by a third party. See *Macias v. Hartwell*, 55 Cal.App.4th 669, 675-676 (1997).  The reason for this is because "[t]he purpose of section 425.16 is clearly to give relief, including financial relief in the form of attorney's fees and costs,

---

[4] In meet and confer conversations between counsel, Plaintiff's counsel expressed that this was an argument advanced by his client and that he seemed to not necessarily agree with it, however it is the attorney's ethical obligation to not assert frivolous arguments in any filing with the Court even if advanced by a client.  See F.R.C.P. 11.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

to persons who have been victimized by meritless, retaliatory SLAPP lawsuits because of their participation in matters of public significance." *Liu*, *supra*, 69 Cal.App.4th at 750; see also *Rosenaur v. Scherer*, 88 Cal.App.4th 260, 285 (2001) ("The recovery of attorney fees by a defendant who successfully brings an anti-SLAPP motion – regardless of whether the defense costs are underwritten by another – is consistent with its evident statutory purpose".)    District Courts in the Ninth Circuit have similarly found that under the anti-SLAPP statute's fee provision "[t]he relevant inquiry is not whether a third party payor paid for a defendant's fees, but rather whether a defendant, as an attorney litigant, actually incurred costs beyond lost opportunity costs." *Gottesman v. Santana*, 2017 U.S. Dist. LEXIS 190828, at *24-25 (S.D. Cal. Nov. 17, 2017).

In *Macias v. Hartwell*, the Court noted that the "[a]ppellant cites no authority, and we have found none, that a defendant who successfully brings an anti-SLAPP motion is barred from recovering fees if the fees were paid by a third party." *Id*. at 675.  Ultimately, the *Macias* Court concluded that a prevailing defendant under the anti-SLAPP statute is entitled to recover attorney fees paid by a third party.  *Id*. at 676.  The central requirement for recovering attorney's fees under California law in general, including under the anti-SLAPP statute, is the existence of an attorney-client relationship, which is not severed or invalidated by third-party payment of fees or fundraising.  See *Ramona Unified School Dist. v. Tsiknas*, 135 Cal.App.4th 510 (2005).

Finally, it is worth noting, that Plaintiff makes an unproven assumption that Jonasi did not spend any of his own funds on this lawsuit because of the GOFUNDME page.  Moreover, Jonasi is only seeking fees in connection with the anti-SLAPP motion and not in connection with the two Rule 12(b)(6) motions filed in this case and Rule 11 motion for filing a sham pleading that was served on Plaintiff in this case that ultimately resulted in the dismissal of the FAC.

///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5856528.1

13

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

While Plaintiff makes it a habit of asserting unfounded assumptions as facts in support of his arguments, Jonasi instead prefers to rely on actual legal authority, all of which supports his entitlement to reasonable attorney's fees regardless of who paid those fees.

**F.    JONASI'S CLAIMED FEES AND MULTIPLIER ARE REASONABLE**

Jonasi's Fee Motion sets forth at length the justification for his claimed fees (see ECF No. 26, at section IV), which is entirely justified and legally supported for the reasons set forth therein and which Jonasi will not reiterate here.   Instead, Plaintiff's unjustified *ad hominem* attack on Jonasi and his attorneys for a lack of civility will be addressed.

There is nothing misleading about the arguments asserted in Jonasi's Fee Motion regarding the contingent basis of his representation, which is supported by under oath declarations by his counsel, or about anything else asserted by Jonasi in support of the claimed multiplier.

Moreover, Plaintiff's absurd civility argument is not only entirely without merit, but it is undercut by the uncivil actions of Plaintiff and his attorney.  The Court just needs to look at Plaintiff's original Complaint attacking Jonasi for exercising his clear First Amendment rights.   Then, Plaintiff filed the FAC dropping all state law claims and allegations implicating Jonasi's exercise of his First Amendment rights, but dismissed the case in the face of a Rule 11 motion for filing the FAC as a sham pleading.  See ECF Nos. 18, 24; Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶2, Ex. A.  Then, Plaintiff filed the July 10, 2026 Stipulation for Dismissal making the appearance that it was pursuant to a settlement, which it was not, and refused to correct that misrepresentation on the public docket.  Hansen Decl., at ¶¶3-4.  While the court clerk corrected that issue, Plaintiff has indeed given interviews since the dismissal stating that Jonasi settled the case.  Hansen Decl., at ¶¶4-5.

///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Additionally, on July 29, 2026, following Jonasi's filing of his Fee Motion, Plaintiff's counsel sent Jonasi's counsel a meet and confer letter threatening a Rule 11 motion against Jonasi and his counsel solely based on Jonasi exercising his statutory right to seek reasonable attorney's fees under the anti-SLAPP statute. See Hansen Decl., at ¶6, Ex. B. In that letter, Plaintiff asserted every one of the same frivolous arguments he asserted in his present Opposition and claimed he would seek the staggering amount of over $93,000 in sanctions for his own apparent attorney's fees throughout the entirety of the action despite the fact that a Rule 11 Motion is solely directed at a single pleading.

In a subsequent telephonic meet and confer conference call, Jonasi's attorney explained the fallacy of Plaintiff's arguments to Plaintiff's attorney, who provided no countervailing justification for the same. Hansen Decl., at ¶7. Notably, Plaintiff never served the threatened Rule 11 motion demonstrating that it was a mere bullying tactic. *Id*.

Now Plaintiff has the audacity to assert a civility argument in support of reducing Jonasi's claimed fees which were incurred and are justified by Plaintiff's own frivolous litigation tactics, while asserting arguments he knows to be without any legal merit. The hypocrisy is palpable.

Such abhorrent conduct should further entitle Jonasi to a greater multiplier for his attorney's fees as a further deterrent to any future such conduct by Plaintiff and his attorney. Accordingly, Jonasi requests a 5x multiplier of the fee request of $25,245.00 for a total of $126,225.00.

///
///
///
///
///
///



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5856528.1

15

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

## III.    CONCLUSION

Plaintiff's Opposition is entirely without merit, having knowingly advanced numerous frivolous arguments without any legal support, and the Court is not only justified in disregarding the Opposition in full but considering a further multiplier of Jonasi's claimed attorney's fees for being subjected to such abhorrent bullying tactics disguised as legal claims.  Accordingly, Jonasi requests a 5x multiplier of the fee request of $25,245.00 for a total of $126,225.00.

Dated:  August 14, 2026                    By:_____

BRYAN M. SULLIVAN
(State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN
(State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Defendant*
*Learnmore Mwanyenyeka*

5856528.1

16

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

# CERTIFICATE OF COMPLIANCE

## PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendant Learnmore Mwanyenyeka aka Learnmore Jonasi, hereby certifies that this brief contains 3,982 words, excluding those portions set forth in L.R. 11-6.1, which complies with the word limit set by District Judge Staton's Standing Order.

Dated: August 14, 2026          By:_____

                                         ZACHARY C. HANSEN

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

# CERTIFICATE OF SERVICE

I, Robie Ann Atienza-Jones, hereby certify that on this 14th day of August, 2026, a copy of the foregoing **DEFENDANT LEARNMORE MWANYENYEKA'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH ANTI-SLAPP MOTION** was served via the PACER/ECF system, on the following:

Michael A Younge
LAW OFFICE OF MICHAEL A. YOUNGE
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
Tel: (714) 299-7406
Fax: (714) 276-1443
*Email: youngelaw@aol.com*

*Attorneys for Plaintiff*
*Lebohang Morake*

*/s/ Robie Ann Atienza-Jones*
Robie Ann Atienza-Jones
An employee of EARLY SULLIVAN WRIGHT GIZER & McRAE LLP



EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

5856528.1

18

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES RE ANTI-SLAPP MOTION**