UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02795-JLS-AS Date: August 28, 2026
Title: Lebohang Morake v. Learnmore Mwanyenyeka

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Kelly Davis | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEYS' FEES (Doc. 26)**

Before the Court is a Motion for Attorneys' Fees filed by Defendant Learnmore Mwanyenyeka. (Mot., Doc. 26.) Plaintiff Lebohang Morake opposed, and Defendant replied. (Opp., Doc. 28; Reply, Doc. 31.) Having taken this matter under submission, and for the following reasons, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

Plaintiff Lebohang Morake is the creator and original performer of "Nants'ingonyama bagithi Baba," the opening chant from Disney's The Lion King. (Compl. ¶ 5, Doc. 1.) Defendant Learnmore Mwanyenyeka is a comedian and content creator. (*Id.* ¶ 6.) Defendant appeared on a podcast, where he asserted that "Nants'ingonyama bagithi Baba" means "Look, there's a lion. Oh my god" in the Zulu language. (*Id.* ¶¶ 10–11.) The podcast was posted on YouTube and went viral. (*Id.* ¶ 10.) Defendant has been repeating this assertion at various comedy clubs. (*Id.* ¶ 12.) Plaintiff maintains that Defendant's assertion is false, and that the true translation of "Nants'ingonyama bagithi Baba" is "All hail the king, we all bow in the presence of the king." (*Id.* ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02795-JLS-AS Date: August 28, 2026
Title: Lebohang Morake v. Learnmore Mwanyenyeka

On March 16, 2026, Plaintiff filed the instant action, bringing claims for (1) misleading representation in violation of the Lanham Act, 15 U.S.C. § 1125; (2) defamation per se; (3) trade libel; and (4) tortious interference with prospective economic advantage against Defendant, for Defendant's "mischaracterization of the true meaning of 'Nants'ingonyama bagithi Baba.'" (*See generally id.*)

On May 5, 2026, Defendant filed a Motion to Strike pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, and to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Anti-SLAPP Motion").[1] (Anti-SLAPP Mot., Doc. 13.) Defendant argued, in relevant part, that it should prevail on its Anti-SLAPP Motion because the First Amendment bars all of Plaintiff's state law claims. (*Id.* at 12–13.)

Before Plaintiff filed any Opposition to the Anti-SLAPP Motion, the parties filed a Stipulation to extend Plaintiff's time to file a First Amended Complaint ("FAC"). (Doc. 16.) The Court granted the Stipulation, and Plaintiff filed the FAC on June 8, 2026. (Doc. 17; FAC, Doc. 18.) Because the Anti-SLAPP Motion was directed at the original complaint, the Court denied as moot the Anti-SLAPP Motion when Plaintiff filed the FAC. (Doc. 17; Doc. 19.)

The FAC no longer contained allegations regarding Defendant's purported mischaracterization of Plaintiff's work. Rather, the FAC focused on Defendant's enterprise and its relation to Plaintiff, including Defendant's "online storefront marketing an 'It's a Lion' line of apparel and goods derived from Plaintiff's composition." (FAC ¶¶ 9–11.) Plaintiff alleged that "Defendant's commercial use of the association between Plaintiff and his signature work is likely to cause, and has caused consumers to be

[1] Defendant's counsel avers that the parties had numerous communications prior to the filing of the Anti-SLAPP Motion. Defendant's counsel sent Plaintiff's counsel a meet-and-confer letter on March 31, 2026, sent a follow-up email on April 3, 2026, and met-and-conferred with Plaintiff's counsel via telephone on April 20, 2026. (Hansen 7-3 Decl. ¶¶ 2–4, Doc. 13-8.)

confused as to whether Plaintiff is affiliated with . . . Defendant's merchandise, performances, and content." (*Id.* ¶ 12.) Plaintiff brought claims for (1) false association/false endorsement in violation of the Lanham Act, 15 U.S.C. § 1125, and (2) false advertising in violation of the Lanham Act. (*See id.*)

Defendant filed a motion to dismiss the FAC on June 22, 2026. (Doc. 20.) Shortly thereafter, the parties filed a Stipulation to dismiss the case. (Doc. 24.) Pursuant to the Stipulation, the Court dismissed the action without prejudice. (Doc. 25.)

Defendant now moves to recover attorneys' fees and costs expended in litigating his Anti-SLAPP Motion, arguing that he prevailed on his Anti-SLAPP Motion because Plaintiff voluntarily abandoned every state law claim after Defendant filed his Anti-SLAPP Motion. (Mot.)

## II. LEGAL STANDARD

Per section 425.16, subdivision (c) of California Code of Civil Procedure, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorneys' fees and costs." Cal. Civ. Proc. Code § 425.16(c), as amended by 2021 Cal. Legis. Serv. Ch. 615 (A.B. 474) (2021). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Such an award may be appropriate even where a defendant achieves only partial success. *See, e.g.*, *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011); *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th 191, 218 (2011), *as modified* (Aug. 24, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02795-JLS-AS Date: August 28, 2026
Title: Lebohang Morake v. Learnmore Mwanyenyeka

## III. ANALYSIS

The parties primarily dispute whether Defendant is a "prevailing defendant" on his Anti-SLAPP Motion under § 425.16 of the California Code of Civil Procedure. Plaintiff argues that because there was no hearing on the Anti-SLAPP Motion, and because the Court denied the Anti-SLAPP Motion as moot following the filing of the FAC, Defendant did not prevail. (Opp. at 5–6, 7–10.) Still, where a court has not ruled on the merits of an anti-SLAPP motion because the plaintiff dismissed the claims or amended the complaint, the Court "has discretion to determine whether the defendant is the prevailing party for the purposes of attorneys' fees." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998) (holding that a court has discretion to award fees following voluntary dismissal of an alleged SLAPP suit); *see also ARP Pharmacy Servs., Inc. v. Gallagher Bassett Servs., Inc.*, 138 Cal. App. 4th 1307, 1323 (2006) ("[A] plaintiff cannot amend a pleading to avoid a pending SLAPP motion."). The relevant inquiry is "which party realized its objectives in the litigation." *Coltrain*, 66 Cal. App. 4th at 107. "Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant." *Id.*

Here, Defendant's Anti-SLAPP Motion targeted the state law claims in Plaintiff's complaint, arguing that they are barred by the First Amendment. Rather than opposing the Anti-SLAPP Motion, Plaintiff filed a FAC, which dropped all Plaintiff's state law claims and asserted only two federal law claims. Plaintiff's FAC no longer focused on Defendant's "false statements of fact" (Compl. ¶ 6), but instead alleged that Defendant uses "public association with Plaintiff to attract consumers and drive sales." (FAC ¶ 10.) It thus appears to the Court that Defendant's Anti-SLAPP Motion successfully prompted Plaintiff to drop his state law claims and related allegations. Although Plaintiff could contest the success of the Anti-SLAPP Motion by "show[ing] [he] actually dismissed [the state law claims] because [he] had substantially achieved [his] goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the

probability of success on the merits," he does not provide any such alternative explanations here. *Plevin v. City & Cnty. of San Francisco*, 2011 WL 3240536, at *4 (N.D. Cal. July 29, 2011) (internal quotation marks and citation omitted).

The Court thus concludes that Defendant succeeded in his objective and prevailed on his Anti-SLAPP Motion. He is therefore entitled to attorneys' fees and costs.[2] *See Plevin*, 2011 WL 3240536, at *5 (concluding that the defendant "may seek attorneys' fees under the anti-SLAPP statute" even though defendant's "motion to strike them is denied as moot" following the filing of an amended complaint without the challenged claims); *see also Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012) (similar).

The Court next considers the amount of attorneys' fees to be awarded. "The amount of an attorney fee award under the anti-SLAPP statute is computed by the trial court in accordance with the familiar 'lodestar' method." *Cabral v. Martins*, 177 Cal. App. 4th 471, 491 (2009).

After all briefing on the present motion had been submitted, the Court ordered Defendant's counsel to submit an itemized spreadsheet detailing the time counsel spent on each task. (Doc. 32.) Counsel has submitted a spreadsheet showing a total of $45,935.00 incurred in fees. (Supp. Sullivan Decl., Doc. 33; Ex. A to Supp. Sullivan Decl., Fee Spreadsheet, Doc. 33-1.) Mr. Sullivan, a partner with around 26 years of

[2] Plaintiff raises some additional arguments as to why Defendant is not entitled to attorneys' fees, none of which are meritorious. For example, Plaintiff argues that the Court does not have subject matter jurisdiction over this matter because the parties are not diverse. (Opp. at 12–14.) However, both the complaint and FAC alleged federal law claims. *See* 28 U.S.C. §§ 1331, 1367. Plaintiff additionally asserts that Defendant raised money for attorneys' fees from GoFundMe. (Opp. at 15.) But other courts have held that third-party funding does not affect a party's entitlement to attorneys' fees in this context. *See Macias v. Hartwell*, 55 Cal. App. 4th 669, 675–76 (1997). Plaintiff cites to no case which has held otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02795-JLS-AS Date: August 28, 2026
Title: Lebohang Morake v. Learnmore Mwanyenyeka

experience, spent 28.1 hours litigating the anti-SLAPP issues, and Mr. Hansen, an associate with around 6 years of experience, spent 33 hours litigating the anti-SLAPP issues. (Sullivan Decl. ¶¶ 1–4, Doc. 26-1; Fee Spreadsheet.) Having reviewed the spreadsheet, the Court finds the time expended by counsel on the Anti-SLAPP Motion and the present fee motion to be reasonable. The Court further finds that Mr. Sullivan's normal hourly rate of $850.00, and Mr. Hansen's normal hourly rate of $475.00, are reasonable for attorneys with similar experience and expertise. (Supp. Sullivan Decl. ¶ 3); *see Peterson v. Sutter Med. Found.*, 2023 WL 5181634, at *7 (N.D. Cal. Aug. 10, 2023) (concluding that an hourly rate of $900 for an attorney with 22 years of experience was reasonable for work on an anti-SLAPP motion). However, for several tasks completed by Mr. Hansen, the spreadsheet erroneously used Mr. Sullivan's higher hourly rate of $850.00, rather than Mr. Hansen's normal hourly rate of $475.00. (*See* Fee Spreadsheet at 1–4.) Adjusting those tasks to reflect Mr. Hansen's normal hourly rate, the Court calculates that Defendant's counsel incurred $39,560.00 in fees.[3]

Although Defendant requests that the Court apply a fee enhancement of at least three times the lodestar, the Court does not find that a fee enhancement is warranted here. Defendant's counsel represent that they took the case on a contingent basis; however, they were still paid some fees by Defendant. And while Defendant's counsel certainly appear qualified, they have not provided an explanation as to why this case required

[3] The Court acknowledges that Defendant's counsel used significantly reduced rates in actually billing Defendant, and ultimately charged Defendant only $5,350 in attorneys' fees, "because of the importance of [Defendant's] First Amendment Rights." (Supp Sullivan Decl. ¶ 5; Mot. at 15.) However, the amount Defendant actually paid does not alter the attorneys' fee analysis, because "[a]ttorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services." *Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014); *see also Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 287 (2001) ("[S]ection 425.16, as well as the decisional law, support the recovery of attorney fees that have accrued in representing the defendants here, notwithstanding counsel's agreement not to look to defendants for payment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02795-JLS-AS Date: August 28, 2026
Title: Lebohang Morake v. Learnmore Mwanyenyeka

"exceptional skill" to justify an award of fees beyond their stated normal rates. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001). Accordingly, the Court finds that the reasonable amount of attorneys' fees to be awarded is $39,560.00.

## IV. CONCLUSION

For the above reasons, Defendant's Motion is GRANTED. Defendant is ORDERED to file a proposed judgment reflecting this Court's grant of attorneys' fees within **five (5) days** of the issuance of this Order.

Initials of Deputy Clerk: kd